FRANCES MARSHALL CANFIELD, GEORGE DANA CANFIELD, ROBERT W. CANFIELD AND FRANKLIN O. CANFIELD, EXECUTORS OF THE ESTATE OF GEORGE F. CANFIELD, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 68415. Promulgated November 23, 1934.

*Barham R. Gary, Esq.,* for the petitioners.
*H. B. Linton, Esq.,* for the respondent.

### OPINION.

MATTHEWS: This proceeding is for the redetermination of a deficiency in income tax for the year 1930 in the amount of $929.52. It is alleged in the petition that the respondent erred in adding to the petitioner's income for the taxable year interest in the amount of $750 and dividends in the amount of $4,770. A minor adjustment in the income received from a partnership is not contested by the petitioner.

On suggestion of death of the petitioner, George F. Canfield, and notice of the appointment of executors, an appropriate order was entered substituting as petitioners in the place and stead of George F. Canfield, deceased, the above named persons as executors of the decedent's estate.

The facts were stipulated by the parties. George F. Canfield resided in New York City and was an attorney, a member of the firm of Satterlee & Canfield, with offices at 49 Wall Street. On June 26, 1930, he executed the following instrument:

KNOW ALL MEN BY THESE PRESENTS that I, George F. Canfield, hereby declare that I have set apart the securities enumerated in the list hereto attached and signed by me, and that I hold the said securities upon trust to pay out of the

income therefrom, or from the proceeds thereof in whatever form invested, including all dividends and interest received after the date of this instrument and prior to the termination of the trust, as follows:

To my son, Robert W. Canfield, during the calendar year
1930_____ $2,000
    On January 1, 1931_____ $300
To my son, Franklin O. Canfield, during the calendar year
1930_____ 2,000
    On January 1, 1931_____ 300
To my daughter, Mary M. Canfield, during the calendar year
1930_____ 1,520
    On January 1, 1931_____ 285

                                                                $5,520   $885

In the event that I sell any of these investments, I may invest the money in any securities as I may deem best, without regard to any rule of law with respect to the investment of trust funds, and I shall not be accountable for anything but wilful wrongdoing on my part.

This trust shall terminate on the 3rd day of January, 1931, or, as to any one of the above-named beneficiaries, upon his or her death prior thereto.

During the year 1930, George F. Canfield received from the securities enumerated in the list attached to the above quoted instrument interest in the sum of $750 and dividends in the sum of $4,770, and prior to December 31, 1930, he distributed these amounts to his three children, Robert W. Canfield, Franklin O. Canfield, and Mary M. Canfield, who were at that time 23, 20, and 17 years of age, respectively. Each of the children filed individual income tax returns for the year 1930 and reported as income only the interest and dividends thus received from the father, each return disclosing no tax liability. George F. Canfield did not include these amounts in his income tax return for the year 1930. Upon audit of the petitioner's income tax return for the taxable year the respondent added these items to the income reported.

In the notice of deficiency the respondent stated that this addition to income represented the income from a trust account which was set up for the taxpayer's three children and that such income was treated as income to the taxpayer as maker of the trust for the reason that " said trust is not an irrevocable trust but terminates one year after date, and all power over said trust is retained by the donor of the trust."

The trust instrument quoted above created a valid trust. Under the terms thereof the decedent had no power to revest in himself title to any part of the corpus of the trust at any time prior to January 3, 1931, on which date the trust terminated. Inasmuch as the trust instrument contained no power of revocation, and the trust did not ter-

minate until after the expiration of the taxable year involved herein, the trust was irrevocable within the taxable year.

Section 166 of the Revenue Act of 1928, which is identical with the provisions of section 219 (g) of the Revenue Act of 1926, reads as follows:

Where the grantor of a trust has, at any time during the taxable year, either alone or in conjunction with any person not a beneficiary of the trust, the power to revest in himself title to any part of the corpus of the trust, then the income of such part of the trust for such taxable year shall be included in computing the net income of the grantor.

In *Lewis* v. *White*, 56 Fed. (2d) 390, appeal dismissed October 21, 1932 (C. C. A., 1st Cir.), the District Court for the District of Massachusetts reviewed the legislative history of this provision of the statute and said:

These proceedings indicate that the words " at any time during the taxable year " were inserted for a definite purpose. They limited the application of the statute to those cases where the grantor had reserved in the trust agreement an unconditional power by the exercise of which during any taxable year he could control or appropriate the income derived from the trust during that year and which was payable to another. According to the section, as originally proposed, the mere reservation of the power of revocation was sufficient to render the income from the trust taxable to the grantor, and it was deemed wise to add provisions excepting from the operation of the law income of a trust as to which the grantor's power of revocation was subject to a condition that had not happened. It is this power to reach and apply the income at the grantor's option that renders it subject to the tax, regardless of whether or not he exercised the power. It was the reservation of this power, control, or " command over the property taxed " that was advanced in *Corliss* v. *Bowers, supra*, as adequate grounds upon which to base the constitutionality of section 219 (g).

The scope of the statute, as the Commissioner construed it, would be as wide as the scope of the section originally proposed by the House. Under such a construction it would make no difference when the power of revocation could be exercised, whether during the taxable year or prior to the taxable year; if the power of revocation is there, it is sufficient. To accept this interpretation of the act is to impart no significance whatever to the words of limitation introduced into the law by the Senate amendment.

In that case the trust instrument could be revoked on or after January 1, in any year " only upon condition that and provided the Trustor shall in the preceding calendar year have notified in writing the trustees of his intention so to revoke, alter and/or amend this instrument." The court held that the grantor could not during the taxable year " by any amendment or revocation, revest in himself title to any part of the corpus of the trust " and the income thereof was not taxable to him. The opposite conclusion was reached in the case of *Elida B. Langley*, 24 B. T. A. 1156, although the facts are not distinguishable, but this latter case was expressly overruled by the Board in *Mabel A. Ashforth et al., Executors*, 26 B. T. A. 1188,

and was reversed by the Circuit Court of Appeals for the Second Circuit, 61 Fed. (2d) 796.

Although the purpose of section 166 of the Revenue Act of 1928 is to prevent a taxpayer from evading the surtax rates by distributing his income among his family or otherwise attempting to have it taxable to distributees, *Langley* v. *Commissioner, supra,* the device employed by the petitioner herein enabled him to keep outside of the taxing statute. Congress has the power to prevent this practice, but, as was aptly said in *Lewis* v. *White, supra:*

> If Congress, in adopting the language in which section 166 is couched, left the door open for the evasion of surtaxes, the door may not be closed by departmental or judicial construction; nor does the fact that such possibility of evasion exists operate to extend the taxing powers of Congress to the point where they can tax one person on the income of another when that income is wholly and completely acquired and beyond any power or right in the taxpayer to reach or control its disposition in any manner whatsoever.

In this connection it may be noted that Congress has closed the door for the evasion of surtaxes in this particular manner by providing, in section 166 of the Revenue Act of 1934, that if at any time (instead of at any time during the taxable year) the grantor has the power to revest in himself title to any part of the corpus of the trust, the income thereof shall be included in computing the net income of the grantor.

Upon authority of the decisions herein discussed we hold that the income of the trust here involved is not taxable to the grantor.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

VAN FOSSAN, GOODRICH, and ADAMS dissent.