JANE B. SHIVERICK, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 84442.   Promulgated March 9, 1938.

*H. A. Mihills, C. P. A.*, for the petitioner.
*S. B. Pierson, Esq.*, for the respondent.

### OPINION.

MELLOTT: The commissioner added $3,612.95 to the net income reported by the petitioner for the year 1933 and determined a deficiency in her income tax for said year in the amount of $190.54. The proceeding was submitted upon a stipulation of facts. We find the facts to be as stipulated but set out herein only those necessary for an understanding of the issue to be decided.

The petitioner, a resident of Cleveland, Ohio, on March 19, 1930, conveyed bonds and other securities, aggregating approximately a half million dollars, to the Cleveland Trust Co. as trustee. The trust instrument provided, in general, that the trustee should collect the income and pay it over to petitioner during her life. After her death and the death of her husband, the income was to be paid to her children until they attained certain ages, when the principal was to be paid over to them. The trustee was authorized and empowered to pay the settlor such amounts from the principal of the trust estate as her husband, as cotrustee, should deem to be proper for her maintenance, support, and comfort. After her decease, in the event her husband was then living, the income was to be paid to him during his life, and, while he was the recipient of income, the trustee was authorized to pay him, from the principal of the trust, such amounts as it should deem necessary or proper for his maintenance, support, and comfort.

The trust was subsequently modified to include policies of insurance on the life of the husband of the settlor and residence property owned

by them. After the modifications the trust instrument, in so far as pertinent to the issue to be decided, provided as follows:

For the purposes of this instrument, I hereby constitute and appoint my husband, Asa Shiverick, as co-Trustee to serve with The Cleveland Trust Company, Trustee. Upon the death, or in case of his resignation, failure or inability to act as co-Trustee hereunder, I hereby constitute myself as such co-Trustee. Upon my death or in case of my unwillingness to serve, or in event of my resignation, failure or inability to act as such co-Trustee, my son, Asa Shiverick, Jr., provided he has attained the age of twenty-five (25) years, or upon his attaining said age, shall become such co-Trustee. * * *

Before the Trustee sells, leases, exchanges or purchases any securities or property, it shall first secure the written approval thereto of the co-Trustee as hereinabove provided. * * *

* * * In addition to such payments of income the Trustee is authorized and empowered to pay me from time to time from the principal of the trust estate, such sum or sums as the acting co-Trustee (if such co-Trustee be not myself), or if there be no acting co-Trustee, other than myself, as the trustee hereunder may deem necessary or proper to provide for my suitable support, maintenance and comfort, in event my income hereunder and from other sources be, in the judgment of such co-Trustee or the Trustee, as the case may be, insufficient therefor.

Subject to the provisions hereinbefore made and after my decease, the Trustee shall pay my husband Asa Shiverick from time to time, from the net income derived from the trust estate, such sum or sums as he may demand by written instrument signed by him and delivered to the Trustee. In addition to the payments hereinabove provided to be made to my said husband, the Trustee is authorized and empowered to pay him from time to time, from the principal of the trust estate, such sum or sums as it may deem necessary or proper to provide for his suitable support, maintenance and comfort, regard being had by the Trustee, however, to his income from this and other sources. If during any calendar year my said husband does not withdraw the entire net income derived from the trust estate during such year, the Trustee shall have power and authority to pay to or expend for the benefit of each of my children hereinafter named, so much of such excess income as it may deem necessary or proper to provide for his or her suitable support, maintenance, education and advancement in life; provided, however, that no more than one-third ($\frac{1}{3}$) of such excess shall be paid to or expended for the benefit of any such child. If less than one-third thereof is paid to or expended for the benefit of any such child, the balance of such one-third ($\frac{1}{3}$) shall be added to the principal of the share of the trust estate hereinafter created for such child's benefit.

*     *     *     *     *     *     *

I reserve the right at any time during the lifetime of my husband, Asa Shiverick, to revoke the settlement hereby evidenced, either in whole or in part, as well as the right to modify in any respect the terms of this settlement, provided the consent and approval of my husband be had and obtained, any such revocation or modification to be evidenced by written instrument signed by me, bearing the written approval of my husband, and delivered to the Trustee. To whatever extent this settlement shall be so revoked, the Trustee shall thereupon transfer and deliver to me such part or all of the property comprising the trust estate as may have been withdrawn under such revocation; conditioned, however, upon my repaying any advances made by the Trustee, and satisfactorily indemnifying it against any liabilities incurred by it in the execution of this trust.

In accordance with the last paragraph set out above, the petitioner withdrew certain securities from the trust during the taxable year, with the consent of her husband, and sold them at a loss of $16,324.05. The loss was deducted by her in her return of income for said year and is not in controversy. She reported as income $17,828.46, paid over to her by the trustee, said amount being all of the income of the trust except a net profit of $3,612.95 arising from the sale by the trustee of some of the securities. The trustee reported the sum of $3,612.95 as income and paid the tax thereon, amounting to $104.52.

The respondent determined that the net profit arising from the sale of securities by the trustee should be added to petitioner's income, saying in his notice of deficiency:

An examination of the trust agreement discloses that it provides that you, as grantor, may at any time during the lifetime of your husband revoke the settlement evidenced by the agreement, either in whole or in part, as well as the right to modify in any respect the terms of settlement, provided the consent and approval of your husband is obtained. It is apparent that the changing of the revenue acts relative to revocable trusts by the inclusion of "substantial adverse interest," would eliminate your husband in the case, as the trust agreement provides that he has only a life interest in the income of the trust after your death, providing he survives you. The trust agreement also provides that under certain condition portions of the corpus may be paid to the grantor without the consent of the beneficiary but as approved by your husband as co-trustee.

The words quoted in the notice of deficiency, "substantial adverse interest", appear in section 166 of the Revenue Act of 1932,[1] and this is the section which respondent relies upon in taxing the profit to the petitioner rather than to the trustee. The parties apparently agree that petitioner and the trustee correctly reported the items of income (see sections 161, 162, et sequa, Revenue Act of 1932) unless the trust is a revocable one within the meaning of section 166. This question will be determined by deciding whether petitioner's husband, during the taxable year, had "a substantial adverse interest in the disposition of" any part of the corpus of the trust or the income therefrom, inasmuch as it is apparent that the settlor had "the power to revest in [herself as] the grantor title" to a part of the corpus in conjunction with him.

The purpose of the enactment of section 166 of the Revenue Act of 1928 and corresponding sections of earlier acts (sec. 219 (g), Revenue

[1] SEC. 166. REVOCABLE TRUSTS.

Where at any time during the taxable year the power to revest in the grantor title to any part of the corpus of the trust is vested—

    (1) in the grantor, either alone or in conjunction with any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom, or

    (2) in any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom,

then the income of such part of the trust for such taxable year shall be included in computing the net income of the grantor.

Acts of 1924 and 1926) was "to prevent the evasion of tax by means of trusts." *Joseph H. Bromley, Jr.*, 26 B. T. A. 878, 880; affd., *Bromley v. Commissioner*, 66 Fed. (2d) 552. As pointed out by the Supreme Court in *Burnet* v. *Wells*, 289 U. S. 670, the section was enacted, "To neutralize the effect of the device [of creating trusts with power of revocation] in its application to incomes." It has been upheld by the Supreme Court in *Corliss* v. *Bowers*, 281 U. S. 376, and other cases, and similar provisions of the revenue act requiring the inclusion in gross estate of property held in a revocable trust have also been approved. Cf. *Reinecke* v. *Smith*, 289 U. S. 172, *Helvering* v. *City Bank Farmers Trust Co.*, 296 U. S. 85. The earlier acts provided that the income of the trust should be included in computing the net income of the settlor when he "either alone or in conjunction with any person not a beneficiary in the trust" had, at any time during the taxable year the power to revest in himself title to any part of the corpus. (Sec. 166, Revenue Act of 1928.)

The substance of the amendment in 1932 was to substitute for the words "any person not a beneficiary of the trust" the words "any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom." The purpose, as disclosed by its legislative history, was to make the evasion of taxes through the use of trusts increasingly difficult. In other words, borrowing the language used by the Supreme Court in *Burnet* ʋ. *Wells, supra*, "to keep pace with the fertility of invention whereby taxpayers had contrived to keep the larger benefits of ownership and be relieved of the attendant burdens." The report of the Finance Committee (No. 665, 72d Cong., 1st sess., p. 34) clearly shows such intent.[2]

While the purpose of the amendment is readily discernible from its legislative history, it furnishes little assistance in determining the question before us. Whether the interest of the one in conjunction with whom revestiture may be made is, or is not, "a substantial

---

[2] Under the present law the income of a trust is taxable to the grantor where, at any time during the taxable year, the grantor has power to revest in himself title to any part of the corpus of the trust, either alone or in conjunction with any person not a beneficiary of the trust. In an attempt to avoid this section, the practice has been adopted by some grantors of reserving power to revest title to the trust corpus in conjunction with a beneficiary having a very minor interest or of conferring the power to revest upon a person other than a beneficiary; in such cases the grantor has substantially the same control as if he alone had power to revoke the trust. While it is, of course, yet to be established that such device accomplishes its purpose, it is considered expedient to make it clear that in any of these cases the income shall be taxed to the grantor. The house bill made the grantor of a trust taxable upon the income of any part of the corpus of the trust, where the power to revest in the grantor title to such part of the corpus was in the grantor alone or was in the grantor in conjunction with any person not having a substantial adverse interest in the disposition of such part of the corpus. Your committee has extended the scope of this provision so as to include, as well, the cases where the power to revest title to any part of the corpus is held, either alone or in conjunction with the grantor, by a person not having a substantial adverse interest in such part of the corpus or in the income therefrom.

adverse" one is largely a question of fact, though in determining it we should consider the legal principles applicable to the interests created by the trust instrument. Cases decided under other sections of the revenue act, though not determinative, may furnish some light. Thus, in *Bessie R. Jones*, 27 B. T. A. 171, where the facts were somewhat similar to those before us, it was held, following *Smith* v. *Commissioner*, 59 Fed. (2d) 56, that under sections 166 and 167 of the Revenue Act of 1928 the profit from the sale of trust assets was not taxable to the settlor-taxpayer, the trust instrument providing that she could amend, alter or revoke the trust only with the consent of trustees who were also contingent beneficiaries. The holding was premised partially upon the theory that Congress had not intended, by the use of the term "beneficiary", to include only those having vested interests but that the term also included those having contingent interests.

In *Savage* v. *Commissioner*, 82 Fed. (2d) 92, the foster mother of two children had created a trust for their benefit, naming her husband, the foster father, as trustee and providing that the trust could be revoked or amended only with his consent. The Board held (*Lillian T. Savage*, 31 B. T. A. 633) that the husband was not a beneficiary and that the income of the trust was taxable to the settlor under section 166 of the Revenue Act of 1928. The court reversed, holding that the husband had more than "a nominal interest in the income or principal" as such term was used in a Treasury regulation defining the term "beneficiary", its view being that the husband was "very substantially benefited" because the trust made possible the maintenance of a home for him and the children, for whose support he was responsible.

In *Margaret A. Holmes*, 27 B. T. A. 660, the Board reviewed the legislative history of section 219 (g) of the Revenue Act of 1924 and section 166 of the Revenue Act of 1928 and concluded that, where a husband and wife had created separate trusts, each naming the other as beneficiary and reserving the power to revoke with the consent of the beneficiary, the income was not taxable to the grantor. For the reasons therein pointed out, the fact that the marital relationship existed, was not deemed to be material. Cf. *Hooper* v. *Tax Commissioner of Wisconsin*, 284 U. S. 206.

It can not be gainsaid that petitioner's husband had an interest in the corpus of the trust adverse to that of the settlor, not because he was a trustee (*Reinecke* v. *Smith*, 289 U. S. 172), but because he had the right, in the event the settlor predeceased him, to have the income of the trust for the remainder of his life and such part of the corpus as the trustee should deem to be necessary for his suitable support, maintenance, and comfort. Cf. *Reinecke* v. *Northern Trust*

*Co.*, 278 U. S. 339; *Mackay* v. *Commissioner*, 94 Fed. (2d) 558. While his interest was contingent upon the death of his wife occurring before his decease, he might reasonably be expected to object to any change in the assets of the estate which would be inimical to his rights under the trust instrument in the event he outlived her. To that extent, at least, his interest was adverse.

Having concluded that the husband's interest is adverse to that of the settlor, there yet remains for decision the question whether such adverse interest is "substantial." The dictionary definition of the term is at best only suggestive rather than expressive of the exact sense in which the term is used in the section under consideration. One of the definitions given in Webster's New International Dictionary of a substantial right is, "a right materially affecting those interests which a man is entitled to have preserved and protected by law; a material right." Other definitions of substantial are "material; not seeming or imaginary; not illusive; real; true; having good substance." We can not say that the husband's rights were not substantial within the above definitions or as such term is generally understood. The property placed in trust by the settlor was very "substantial" in amount—more than a half million dollars in bonds alone, half of which were Government bonds. The interest on the bonds was more than $20,000 a year. His right to receive this amount, contingent though it was, is sufficient, we think to justify us in holding that he had a substantial adverse interest.

We hold, therefore, that the respondent erred in including in petitioner's income the amount in dispute.

Reviewed by the Board.

*Judgment will be entered for the petitioner.*