*Decision will be entered under Rule 50.*

JOHN EDWARD ROVENSKY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 91209.  Promulgated April 15, 1938.

*George H. Craven, Esq.*, for the petitioner.
*Lloyd W. Creason, Esq.*, for the respondent.

OPINION.

STERNHAGEN: For 1934 the Commissioner determined a deficiency of $3,783.14 in the petitioner's individual income tax. The petitioner contests the holding that the income of a trust, $14,784, is taxable to him because, in the words of the deficiency notice:

* * * According to the terms of the trust instrument it is evident that you had retained a certain interest in the corpus of the trust and, therefore, same is held in article 166, Regulations 86, to constitute a revocable trust, the income of which is taxable to you as grantor.

The facts are all stipulated and for the purpose of this decision may be regarded as found in the language of the stipulation. The essential question is whether by the terms of the trust instrument there is vested in the petitioner as grantor of the trust such a power as is described in section 166 of the Revenue Act of 1934,[1] thus requiring that the trust income shall be attributed to him.

The petitioner, in 1930, established a trust for the benefit of his seventeen-year old daughter. Until she reached twenty-one, the income was to be used for her maintenance and the excess accumulated for her. Thereafter until she reached forty, the income was to be used for her maintenance and the excess currently paid over to her. At forty, the trust was to terminate and the corpus and accumulated income was to be transferred to her. The trust instrument is elaborate and covers a multitude of conceivable circumstances. The provision which comes nearest to that described in section 166 of the statute is (FIRST, B), after making the trust irrevocable during the lives of the daughter and wife, it is provided that if the daughter shall die before reaching the age of forty or if the wife shall die, the "grantor" has the power to terminate the trust by a writing signed by himself and one of his brothers or his sister, whereupon the trustee shall transfer the trust fund either to the grantor or to such other person as the grantor, together with a brother or sister, may designate. The other sets of circumstances in which the grantor may reacquire the trust fund are all more remote than this.

This is not a power to revest, except upon the contingency of the daughter's death before reaching forty and the grantor's surviving

---

[1] SEC. 166. REVOCABLE TRUSTS.

Where at any time the power to revest in the grantor title to any part of the corpus of the trust is vested—

    (1) in the grantor, either alone or in conjunction with any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom, or

    (2) in any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom,

then the income of such part of the trust shall be included in computing the net income of the grantor.

her.[2] Since the contingency alone makes possible the exercise of the power, it is no power at all until the contingency occurs, or at most an incipient or inchoate power, Sugden on Powers, vol. 1, §§ 320, 321. It is a mere hope or expectancy which may never attain reality. This hardly fits the statutory language, "Where at any time the power to revest *is* vested." Here, rather, the power to revest may possibly at some future time become vested; which is far from the present indicative of the statute.

The notice of deficiency indicates a conception of the statute looser than its language justifies. It is not enough that one may be said in a layman's way to have "retained a certain interest in the corpus of the trust", nor is it correct or sufficient to say that "therefore same is held to constitute a revocable trust" within the regulations, even if the regulations are assumed to reflect the statute. The statute must be applied, if not strictly according to its language, *Kaplan* v. *Commissioner*, 66 Fed. (2d) 401; *Warren H. Corning*, 36 B. T. A. 301 (on review C. C. A., 6th Cir.), at least according to the fair legal interpretation of the words used. A vested power has a legal significance which Congress did not disregard. To say that it is met by a finding of "a certain interest" which in turn is held to "constitute a revocable trust" is to distort the language used to the point of depriving it of any meaning, and to give the administrator a power to rewrite the statute more broadly than Congress obviously intended.

The respondent has filed no brief, but at the hearing cited *Warren H. Corning*, *supra*, as sustaining Regulations 86, article 166. That decision involved a peculiar case, substantially different from this in circumstance, and the Board, considering such unique facts, said that the "regulations are reasonable in so far as they apply to the facts in this proceeding." This is not a blanket holding that article 166 of the regulations is to be regarded as the criterion of decision in all cases in substitution for the statute. The Board's function is but the adjudicative one of deciding how the law applies to the particular facts of each controversy, and in conformity with that recognized limitation the *Corning* decision expressly dealt only with the impact of the regulations on the particular facts.

The facts in the *Corning* case have little in common with those here, and there is no occasion to doubt the validity of that decision. But the respondent places reliance here upon this statement (p. 307):

Petitioner thus reserved the vested right to revest in himself the corpus of both trusts at *some time in the future*. The power to exercise this right, not its existence, during the tax year, was contingent.

[2] It is manifest from the whole instrument that the power to revoke in subdivision FIRST B, so far as it is affected by the life of the wife, does not arise except in the event of the death of the daughter before reaching forty.

Such a statement could not be made here, for what the present petitioner had was not a vested right but the bare possibility that a power might spring up in the future upon his young daughter's death before his own. The language quoted from the *Corning* opinion may not be used to require that such a contingent power in the grantor is within section 166. See *William E. Boeing*, 37 B. T. A. 178.

The Commissioner's determination is reversed.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

LEECH dissents.