**KNAPP v. HOEY, Collector of Internal
Revenue.**

District Court, S. D. New York.
June 6, 1938.

White & Case, of New York City (Rus-
sell D. Merrill and Josiah Willard, both of
New York City, of counsel), for plaintiff.

Lamar Hardy, U. S. Atty., of New York
City (Robert L. Werner, Asst. U. S. Atty.,
of New York City, of counsel), for defend-
ant.

40

PATTERSON, District Judge.

The action is at law to recover income taxes paid for the years 1931 and 1932. There are two counts, the first for the 1931 tax and the second for the 1932 tax. The collector moved to dismiss the amended complaint as insufficient on its face. There is only one question, whether the government had the right to treat income from a trust created by the plaintiff as the plaintiff's own income. Under section 166 of the Revenue Act of 1928, 26 U.S.C.A. § 166 note, and section 166 of the Revenue Act of 1932, 26 U.S.C.A. § 166, the income of a "revocable trust", a trust in which the grantor has "the power to revest in himself title to any part of the corpus of the trust," shall be included in the income of the grantor. Under section 167 of the 1928 Act, 26 U.S.C.A. § 167 note, any income of a trust which "may, in the discretion of the grantor of the trust, * * * be distributed to the grantor or be held or accumulated for future distribution to him" shall be deemed income of the grantor. Section 167 of the 1932 Act, 26 U.S.C.A. § 167, is to the same effect.

It is shown by the amended complaint that the plaintiff by deed of trust in 1929 transferred securities to himself and another as trustees, to pay the income to certain named beneficiaries, of whom the plaintiff was not one, during the plaintiff's life, and on his death to distribute the corpus among certain named persons. The plaintiff reserved power to change the trustees, to add to the corpus, and so on. There is no power of revocation. The power of present significance is a power to change the beneficiaries and to modify their interests. This power is contained in paragraph Second (b) of the deed, and gives to the plaintiff as grantor the right to change distribution of the trust income "by altering the proportion or amount of income to be paid to or applied to the use of any one or more of the beneficiaries, by cancelling any benefaction to any one or more of the beneficiaries, by substituting any beneficiary or beneficiaries in the place of any one or more of them, by adding to the number of beneficiaries, by providing for the proportion or amount of income to be paid or applied to the use of such additional or substituted beneficiaries; provided, however, that in no event shall any such modification or alteration direct that the said income be paid to or applied to the use or benefit of the party of the first part".

The plaintiff reserved a like power to cancel remainders in the corpus, to substitute new donees and to add to the number of donees to take portions of the corpus on his death.

On the face of the deed the grantor retained effective control over the disposition of the income of the trust, with only one limit: he could not make any change whereby the trust income would become payable to himself. He was the one person in the whole world who could not become a beneficiary. Clearly there was no intention that any part of the income might, "in the discretion of the grantor of the trust, * * * be distributed to the grantor or be held or accumulated for future distribution to him". So the income was not made taxable as his income by reason of section 167. It is equally clear that the trust was not revocable in terms; no power was reserved by the grantor to revest in himself title to any part of the corpus. So the case is not one of a revocable trust under section 166. These conclusions are in accord with decisions of the Board of Tax Appeals in Downs v. Commissioner, 36 B.T.A. 1129, Dunning v. Commissioner, 36 B.T.A. 1222, and Blodgett v. Commissioner, 37 B.T.A. ——, decided March 11, 1938.

The defendant makes a labored argument to the effect that the plaintiff, with power to cancel the interest of any beneficiary in income and in corpus, may cancel all such interests and leave a total void in beneficiaries, thereby making the trust revocable at his pleasure by force of section 23 of the New York Personal Property Law, Consol.Laws, c. 41. But the grantor has no power to cancel a gift of income without substituting another. Paragraph Second (B), read as a whole makes this evident. Otherwise the proviso that in no event could the grantor make a modification directing payment of income to himself would be useless. The defendant's argument comes down to saying that the grantor may do indirectly what he might not do directly. The sense of the paragraph is the same as if the word "and" had been used instead of a comma after the phrase "by cancelling any benefaction to any one or more of the beneficiaries."

The resort to the New York statute permitting revocation of a trust by the creator with consent of the beneficiaries (Personal Property Law, section 23) is

futile. Such a power of revocation is no more than that available to the grantor of a trust by general law and does not bring a trust in terms irrevocable within the class of revocable trusts specified in the Revenue Acts. Shanley v. Bowers, 2 Cir., 81 F.2d 13.

It requires no great discernment to see that the plaintiff in setting up this trust had an eye on the revenue laws. While he went far in retaining control of the property, he stopped short of control broad enough to render the income taxable as his own. The fact that the creation of the trust was a plan for reducing his income tax and at the same time retaining a measure of control over the property does not make the income of the trust taxable as his income under existing laws.

The amended complaint states a cause of action in each count. The motion to dismiss will be denied.