HERBERT G. GOULDER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 87188. Promulgated March 30, 1939.

*Isador Grossman, Esq.*, for the petitioner.
*W. H. Payne, Esq.*, for the respondent.

OPINION.

LEECH: The respondent determined the disputed deficiency by taxing the income received but not distributed by the trust, in 1934, to the petitioner, settlor. He supports this action on three grounds: (1) The trust constituted a mere assignment of future income, which left such income taxable to the grantor under the doctrine of *Lucas* v. *Earl*, 281 U. S. 111; (2) the trust is in the nature of a maintenance trust, the income of which is taxable to petitioner under the principle announced in *Douglas* v. *Willcuts*, 296 U. S. 1; and (3) the income of the trust is taxable to petitioner under the provisions of section 166 of the Revenue Act of 1934, and the regulations construing the same.

One purpose for the creation of the trust was admittedly to reduce the petitioner's income taxes. This fact, though justifying a careful scrutiny in the premises, does not, itself, vitiate the legal consequences of the creation of the trust. *Gregory* v. *Helvering*, 293 U. S. 465. See *James Nicholson*, 32 B. T. A. 977; affd., 90 Fed. (2d) 978. The disputed income here was not compensation, past or future, for personal services of the petitioner. See *Gerald A. Eubank*, 39 B. T. A. 583. It was "the net income of the property held in trust," to which the beneficiary was entitled, under the trust, either during or at the termination thereof. The beneficiary "thus became the owner of an equitable interest in the corpus of the property." See *Blair* v. *Commissioner*, 300 U. S. 5. Upon the authority of that case, we think respondent's first position is unsound. See also *Commissioner* v. *Field*, 42 Fed. (2d) 820; *Anna S. Whitcomb*, 37 B. T. A. 806.

The validity of respondent's second position must rest upon the fact that the trust required the use of the contested income in the maintenance and support of the petitioner's wife, the beneficiary. *Jay C. Hormel*, 39 B. T. A. 244. Whether the trust was thus mandatory depends, of course, upon the intention of the settlor, which is to be gleaned, alone, from the trust instrument, as a whole, if unambiguous. *Mississippi Valley Trust Co. et al., Executors*, 28 B. T. A. 387; affd., 72 Fed. (2d) 197; certiorari denied, 293 U. S. 604; rehearing denied, 293 U. S. 631, and cases cited therein.

Except in the preamble or recital of the present trust, the respondent points to nothing, nor are we able to find anything in the entire trust instrument which indicates any restriction upon the use to which the beneficiary, Edna G. Goulder, shall put the funds she receives from the trust. The contracting clauses contain no obligation whatever limiting her use of these funds. The applicable rule of construction in such cases has been stated in *Williams* v. *Barkley*, 165 N. Y. 48; 58 N. E. 765, thus:

Where the recital in an agreement is so inconsistent with the covenant or promise that they cannot be harmonized, the latter, if unambiguous, must prevail, because it is the most important. The promise is what the parties agreed to do, and hence is the operative part of the instrument, while the recital states what led up to the promise and gives the inducement for making it. When the explanation of the reason for the promise is at variance with the promise itself, the latter, if clear and unambiguous, must prevail, as it is the transaction between the parties. The rule governing the subject is well stated in a late English case as follows: "If the recitals are clear and the operative part is ambiguous, the recitals govern the construction. If the recitals are ambiguous and the operative part is clear, the operative part must prevail. If both the recitals and the operative part are clear, but they are inconsistent with each other, the operative part is to be preferred." *Ex parte Dawes*, 17 Q. B. 275, 286. See, also, *Young* v. *Smith*, L. R. 1 Eq. 180, 183; *Bailey* v. *Lloyd*, 5 Russ. 330, 344.

Moreover, the reference in the recital here was not limited to maintenance and support. The "welfare" of the beneficiary was added. That word is not synonomous with support or maintenance. It is broader. *Lord* v. *Roberts*, 84 N. H. 517; 153 Atl. 1.

Under such circumstances, "desirous", as used in this preamble, is scarcely indicative of a command. Its use here rather seems merely precatory. *Cooper* v. *United States*, 19 Fed. Supp. 752; *Brown* v. *Commissioner*, 50 Fed. (2d) 842; *Brubaker* v. *Lawver*, 322 Pa. 461; 185 Atl. 848.

Thus, it would seem, the most that can be said for the position of the respondent now under discussion is that the trust instrument is ambiguous in conveying the intention of the settlor. Such ambiguity as exists, if any, is cleared up by the record. See *Baird* v. *United States*, 3 Fed. Supp. 947; affd., 65 Fed. (2d) 911; certiorari denied, 290 U. S. 690. The settlor, trustee, and the beneficiary agreed, orally,

when the trust was created that the gift of the income of the trust to her was to be absolute and that its use was to be unrestricted in her hands. With the consistent knowledge of the settlor, no part of the funds the beneficiary received from the trust was used for her maintenance and support, but, with his advice, these funds were invested in property and securities for her separate estate, while the settlor continued afterward, as before the creation of the trust, to support and maintain his wife, the beneficiary, with other funds.

The conclusion is thus inescapable that this trust did not require the beneficiary, Edna G. Goulder, the wife of the settlor, to use the funds she received therefrom for her maintenance and support. It follows that the rule of the *Douglas* v. *Willcuts* case, *supra*, does not apply. *Jay C. Hormel, supra.*

Respondent's third position is likewise untenable.

Since, during the term of the trust—under the trust instrument—the only power to revoke and thus revest any part of the corpus in the petitioner, grantor, was jointly vested in him with the beneficiary, who had a substantial adverse interest in the disposition of that corpus, no part of the contested income therefrom was taxable to petitioner under section 166 of the Revenue Act of 1934. The provision that, upon termination of the trust by its terms, its corpus should revert to petitioner, has been held by the Board not to be a vested right in the corpus of the trust but a mere reversion therein. *Meredith Wood*, 37 B. T. A. 1065 (on appeal, C. C. A., 2d Cir.); *John Edward Rovensky*, 37 B. T. A. 702; *Phebe Warren McKean Downs*, 36 B. T. A. 1129. See also I. T. 3238, 1938 Internal Revenue Bulletin No. 50. Cf. *Warren H. Corning*, 36 B. T. A. 301 (on appeal C. C. A., 6th Cir.).

The contention of the respondent that the petitioner retained such control over the corpus of the trust aside from a vested power to revoke so as to render the income therefrom taxable to him under Regulations 86, article 166–1, and its amendments, is likewise without merit.

Respondent admits the validity of this trust. The *Corning* case, *supra*, and other cases upon which respondent relies, are clearly distinguishable upon their facts. It is true the settlor was also the trustee of the trust involved here. But that, in itself, is not controlling. *Becker* v. *St. Louis Union Trust Co.*, 296 U. S. 48; *Reinecke* v. *Northern Trust Co.*, 278 U. S. 339; *Helvering* v. *Bowen*, 85 Fed. (2d) 926; *Henry A. B. Dunning*, 36 B. T. A. 1222; *Robert Allerton*, 13 B. T. A. 1383; *Frances Marshall Canfield et al., Executors*, 31 B. T. A. 724; *Rose* v. *Commissioner*, 65 Fed. (2d) 616; *Preston R. Bassett*, 33 B. T. A. 182. Under no circumstances here could the income of the trust ever go to the petitioner or his estate. Nothing in the trust instrument relieved the petitioner as trustee from full responsibility to the beneficiary for

his proper administration of the trust estate. The trust instrument did not permit the trustee to deal with himself individually and such dealings, if not expressly authorized by the deed of trust, are prohibited in Ohio expressly by statute. Page's Annotated Ohio General Code, §§ 10506–49. The authority of the trustee to borrow money was limited, in its exercise, for the improvement, protection or preservation of the estate. The securities composing the trust corpus were registered in the name of the petitioner, as trustee, and not as an individual. In short, we think no such control as is necessary to support the argument now being discussed was retained by the settlor here. *Henry A. B. Dunning, supra; Carson Estate Co.*, 31 B. T. A. 607; affd., 80 Fed. (2d) 1007.

*Decision will be entered under Rule 50.*