LEWIS HUNT MILLS AS ADMINISTRATOR DE BONIS NON OF THE ESTATE OF EVELYN SCOTT MILLS, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 91734. Promulgated April 20, 1939.

*Charles E. McCulloch, Esq., Fletcher Rockwood, Esq.,* and *Thomas B. Stoel, Jr., Esq.,* for the petitioner.

*John H. Pigg, Esq.,* for the respondent.

### OPINION.

LEECH: The Commissioner determined a deficiency of $713.86 in the 1935 income tax of the decedent, Evelyn Scott Mills, by treating as her income the capital gain resulting from the sale or other disposition of securities by a trustee. The determination was predicated on Revenue Act of 1934, section 166,[1] and the petitioner, in assailing it, contests the applicability of that section. This is the sole issue in the case, and the facts have all been stipulated.

In 1927 the decedent, by a written instrument, created a trust, the income of which was to be distributed to her. The only provision of the instrument which is material to the present issue is as follows:

### II

APPLICATION OF INCOME AND CORPUS. The gross income derived from said Trust property, which shall come into the hands of the Trustee, shall be applied by the Trustee to the purposes and in the order following:

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

(3) In the event it shall develop that the net income derived from said Trust Property shall be insufficient to furnish to said Trustor the funds to which she has been accustomed for the upkeep of her home and her personal enjoyment, then to pay from the corpus of said Estate to said Trustor or to said LEWIS HUNT MILLS on her behalf (or to any other of said beneficiaries upon the express request of said Trustor) such amount as may in the discretion of said Trustee be reasonably necessary for such purpose.

---

[1]SEC. 166. REVOCABLE TRUSTS.

Where at any time the power to revest in the grantor title to any part of the corpus of the trust is vested—

(1) in the grantor, either alone or in conjunction with any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom, or

(2) in any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom,

then the income of such part of the trust shall be included in computing the net income of the grantor.

It is conceded that, under the law of Oregon, by which the trust is controlled, the trustee must add these capital gains to the corpus of the trust.

Respondent supports his position upon two premises, the existence of both of which is essential to his determination. These premises are: (1) That the trustee was a person "not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom", and (2) that, "the power to revest in the grantor title to * * * the corpus of the trust is vested" in such trustee. The petitioner denies both premises.

Inasmuch as the trustee had no interest in the corpus, except as trustee, it did not have a "substantial adverse interest" within the meaning of section 166, *supra*. *Reinecke* v. *Smith*, 289 U. S. 172; *Witherbee* v. *Commissioner*, 70 Fed. (2d) 696; *Sterling Morton*, 38 B. T. A. 1283.

In the present trust instrument, the trustee was authorized "to pay from the corpus of said Estate to said Trustor or to said LEWIS HUNT MILLS on her behalf (or to any other of said beneficiaries upon the express request of said Trustor) such amount as may in the discretion of said Trustee be reasonably necessary for said purpose." That purpose is defined in the earlier part of the paragraph.

Respondent argues that such provision vested in the trustee a power to revest corpus of the estate in the decedent, settlor. That such power was vested, if at all, in the trustee, as such, does not contradict its character as a "power" within section 166, *supra*, particularly because its limitation, if it was such, was as broad as the "enjoyment" of the settlor. See *Rollins* v. *Helvering*, 92 Fed. (2d) 390, affirming 34 B. T. A. 319; certiorari denied, 302 U. S. 763; *Fanny M. Dravo et al., Executors*, 34 B. T. A. 190; *Daisy Christine Patterson, Executrix*, 36 B. T. A. 407; appeal dismissed, 99 Fed. (2d) 1007; but compare *Higgins* v. *White*, 93 Fed. (2d) 357; *First National Bank of Boston* v. *Welch*, 24 Fed. Supp. 695. However, that power could be exercised, only, if and when "it shall develop that the net income derived from said Trust Property shall be insufficient to furnish to said Trustor the funds to which she has been accustomed for the upkeep of her home and her personal enjoyment." True, the happening of that contingency was ascertainable. *Ithaca Trust Co.* v. *United States*, 279 U. S. 151. Nevertheless, it was "a contingency in the nature of a condition subsequent, the occurrence of which was entirely fortuitous so far as any control, design, or volition on his part was concerned." *Helvering* v. *St. Louis Union Trust Co.*, 296 U. S. 39. And, "Since the contingency alone makes possible the exercise of the power, it is no power at all until the contingency occurs, or at most an incipient or inchoate power, Sugden on Powers, vol. 1, §§ 320, 321."

*John Edward Rovensky*, 37 B. T. A. 702, at page 704. See *Phebe Warren McKean Downs*, 36 B. T. A. 1129; also I. T. 3238, 1938 Int. Rev. Bull. No. 50. The power here to revest corpus in the settlor, decedent, did not vest, therefore, until and unless the contingency occurred upon which it could be exercised. *John Edward Rovensky, supra; Phebe Warren McKean Downs, supra.* Trust income for 1935, alone, is involved. It is admitted that none of the corpus was distributed to the settlor during that year. But neither that fact nor anything else, yet, in the record contradicts the occurrence of such contingency during that period. See *Daisy Christine Patterson, Executrix, supra.*

It was petitioner's burden to show error in respondent's determination. Since he has failed, thus far, to contradict the occurrence of the contingency upon which the exercise of the power to revest corpus depended, we think he has failed to establish error in the contested determination.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

OPPER concurs in the result.

DISNEY concurs only in the result.

———

STERNHAGEN, dissenting: In my opinion there was in no one "the power to revest in the grantor title to any part of the corpus of the trust."

While I am inclined to think that for present purposes the trustee may properly be regarded as having a substantial adverse interest by reason of his duty to retain the corpus for other beneficiaries against unfounded demands of the settlor, and that *Reinecke* v. *Smith*, 289 U. S. 172; *Witherbee* v. *Commissioner*, 70 Fed. (2d) 696; certiorari denied, 293 U. S. 582; and *Sterling Morton*, 38 B. T. A. 1283, are distinguishable because they involved reserved powers of the settlor, I pass that question and assume *arguendo* with the prevailing opinion that the trustee is not a person having a substantial adverse interest.

The necessity for the occurrence of the objective "event", i. e., the insufficiency of income for the settlor's customary needs and enjoyment, seems to me to make it impossible to say that there was a power in either the grantor or the trustee to revest in the grantor title to any part of the corpus. The settlor was given no power at all. Upon the trustee, the happening of the contingency imposed a duty to invade the corpus to the extent necessary to provide for the settlor's customary needs and enjoyment. According to the Commissioner's view, no matter how remote may be the possibility of such a distribution of corpus, the mere possibility must be recognized as the

equivalent of a "power." Note too that this "power" is regarded as requiring that all the income of the entire trust is to be attributed and taxed to the settlor, irrespective of any relation it may have to the amount which she may possibly at some undeterminable time need. The statute only requires that she be taxed upon "the income from such part of the trust" as she or the trustee has power to revest in her. But here, despite the fact that she received nothing and no one has claimed that her income is inadequate for her needs, the latent power is said to require taxing her with all the trust income in every year. I am impelled to disagree with both the interpretation of the statute and with its application here.

I also think it is improper and unfair to place the decision adverse to the petitioner on the failure to prove that the contingency did not arise. The case was submitted on a written stipulation and the question submitted by both parties was whether by the terms of the trust instrument the settlor or trustee could be said to have such a power to revest as the statute described. No one suggested at any stage of the proceeding, from the deficiency notice through the reply brief, that there was a question of fact. I venture to think that if it had been intimated that the settlor might in the taxable year have needed more than the income of the trust for her maintenance and customary enjoyment and thus could have demanded some of the corpus, the petitioner would have introduced proof and perhaps could have clearly proven the negative. Indeed, from the fact that she made no such demand and that the trustee made no such payment to her, it is reasonable to infer that there was no occasion for it.

Upon the only issue litigated I am of opinion that decision should go for the petitioner.

Arundell, Van Fossan, Murdock, Black, and Harron agree with this dissent.