DANIEL P. WOOLLEY, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 87285. Promulgated April 21, 1939.

*Ellwood W. Kemp, Jr., Esq., G. A. Donohue, Esq.,* and *Elden Mc-Farland, Esq.,* for the petitioner.

*Conway N. Kitchen, Esq.,* for the respondent.

## OPINION.

Leech: The single issue presented is whether the income of the trust for the period from June 19, the date of petitioner's relinquish-

ment of his power of revocation of the trust, to December 31, 1934, was taxable to the petitioner.

The Revenue Act of 1934 is controlling. Section 161 (a) (4) provides, *inter alia*, that the income tax imposed by the act shall apply to the income of trusts "including * * * income which, in the discretion of the fiduciary, may be either distributed to the beneficiaries or accumulated." Section 162 (c) of this act provides that the amount of such trust income for the taxable year, which is, under the trust, properly paid or credited during such year to a beneficiary, shall be allowed as a deduction in computing the net income of a trust, but shall be included in the net income of the beneficiary for that year.

None of the trust income for the period June 19 to December 31, 1934, which is here in controversy, was "properly paid or credited during * * * [1934] to any beneficiary." Thus, under sections 161 and 162 of the Revenue Act of 1934, that income was properly included in the net income of the trust and taxed as such, unless excludable therefrom and taxable to the settlor, under sections 166 and 167[1] of the same revenue act and the regulations construing those sections. Arts. 166–1 and 167–1, Regulations 86.

In our judgment, the facts here disclose that the trust, while originally revocable, was, in effect, validly amended on June 19, 1934. Thereafter it was irrevocable, terminating, by its terms, on January 1, 1937.

---

[1] SEC. 166. REVOCABLE TRUSTS.

Where at any time the power to revest in the grantor title to any part of the corpus of the trust is vested—

    (1) in the grantor, either alone or in conjunction with any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom, or

    (2) in any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom,

then the income of such part of the trust shall be included in computing the net income of the grantor.

SEC. 167. INCOME FOR BENEFIT OF GRANTOR.

    (a) Where any part of the income of a trust—

        (1) is, or in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income may be, held or accumulated for future distribution to the grantor; or

        (2) may, in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income, be distributed to the grantor; or

        (3) is, or in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income may be, applied to the payment of premiums upon policies of insurance on the life of the grantor (except policies of insurance irrevocably payable for the purposes, and in the manner specified in section 23 (o), relating to the so-called "charitable contribution" deduction) ;

then such part of the income of the trust shall be included in computing the net income of the grantor.

    (b) As used in this section, the term "in the discretion of the grantor" means "in the discretion of the grantor, either alone or in conjunction with any person not having a substantial adverse interest in the disposition of the part of the income in question."

The trust, as thus amended, is the only one with which we are here concerned. *Olive H. Prouty*, 30 B. T. A. 1068. It was simply a trust for a term of years. The only right in reference to the corpus of that trust, under its terms which petitioner, grantor, had, at any time, was to have that corpus returned to him at its termination. The Board has held that such a right in the grantor does not constitute a vested power to revoke the trust, and thus revest himself of its corpus, but is a mere reversion. *Meredith Wood*, 37 B. T. A. 1065 (on appeal, C. C. A., 2d Cir.); *John Edward Rovensky*, 37 B. T. A. 702; *Phebe Warren McKean Downs*, 36 B. T. A. 1129. See also I. T. 3238, 1938 Int. Rev. Bull. No. 50. Cf. *Warren H. Corning*, 36 B. T. A. 301 (on appeal, C. C. A., 6th Cir.). Upon the authority of those cases, we hold that none of the contested income was taxable to the petitioner under section 166, supra.

Section 167 of the Revenue Act of 1934 provides, so far as is here pertinent, that trust income shall be taxed to the grantor when any part of such income is, or in the discretion of the grantor or of any person not having a substantial interest in the disposition of such part of the income, may be accumulated for future distribution to the grantor, or when, in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition thereof, such income may be distributed to the grantor. But, not only because of less direct implications contained in the trust instrument, but particularly because of the express directions therein taken in connection with the fact that Robert W. Gardner, Jr., or his estate, was the only infant beneficiary during the tax year, he, or his estate, was the only possible recipient of the accumulated income of the trust for that year. Thus, the applicability of section 167 is confined to the second alternative. It is true that the income of the trust may be distributed, when not accumulated, to petitioner.

But such distribution may be made by Ethel Y. Woolley, the trustee, "in her sole, absolute and uncontrolled discretion, * * * to and among one or more of [the beneficiaries] * * * in accordance with their respective needs * * *."

If that discretion, thus limited, is not within the meaning of "discretion" as used in section 167, *supra* (see *Higgins* v. *White*, 93 Fed. (2d) 357; *First National Bank of Boston* v. *Welch*, 24 Fed. Supp. 695), obviously the section would not apply. On the other hand, if that limitation does not deprive this power to distribute of the discretionary character to which the section refers (see *Lewis Hunt Mills, Administrator*, 39 B. T. A. 798, and cases cited therein), then Ethel Y. Woolley, trustee, can exercise that discretion by distributing any part of the contested income to herself, as beneficiary. Since the settlor is a like beneficiary of this income, though even thus

contingent, this right of the trustee constitutes a substantial adverse interest to that of the settlor. *Sophia P. O. Morton*, 38 B. T. A. 419; *Jane B. Shiverick*, 37 B. T. A. 454. Thus, under the express terms of the statute, section 167 is not applicable.

The grantor was not the trustee here. The grantor reserved the right to direct the trustee to buy or sell property when funds were available from corpus or income, and to lease property, but even then the trust instrument significantly provided that such sales or purchases must be made at the fair market price. Nothing restricted the trustee from making such investments or sales as she desired in her discretion. The petitioner, grantor, reserved no right under the trust instrument to borrow from the trust estate with or without security, nor to vote stock held by the trust.

So, respondent's contention, if it be a separate one, that petitioner did not divest himself of control of the corpus of this trust other than by power of revocation, so as to preclude its taxibility to him as grantor (see *Warren H. Corning, supra*), we think is likewise without merit. *Commissioner* v. *Waterbury*, 97 Fed. (2d) 383; *Henry A. B. Dunning*, 36 B. T. A. 1222; *Carson Estate Co.*, 31 B. T. A. 607; affd., 80 Fed. (2d) 1007.

The income of the trust from June 19 to December 31, 1934, was properly taxable to the trust for that year and not to the grantor, the petitioner here.

Reviewed by the Board.

*Decision will be entered under Rule 50.*