ELLEN S. BOOTH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 81961.  Promulgated June 16, 1937.

*Thomas G. Long, Esq.*, for the petitioner.
*Conway N. Kitchen, Esq.*, for the respondent.

OPINION.

ARUNDELL: It is agreed by the parties that the sole issue to be determined is the correctness of the respondent's determination that the sums of $324,000 and $232,000 constituted taxable income to the petitioner for the years 1931 and 1932 respectively.

The respondent contends that the petitioner did not convey by her assignment to the Cranbrook Foundation any present property or right of property; that at most she undertook to assign future or anticipated income to which she might be entitled under the trust; that the income was distributable to her by the trustees to the same extent as if the assignment had not been executed; and that hence it was all taxable to her.

Under the express provisions of the trust agreement, one-fourth of the distributable income of the trust was payable to the petitioner, her heirs and assigns upon the death of her father and until the termination of the trust on May 4, 1936, and the right to receive such income vested in her, her heirs and assigns during such period. Although the trust agreement provided that the equitable as well as the legal title in the trust property should be vested in the trustees, the right to receive the income vested in her and she had at least the right to enforce the performance of the trust by the trustees. Sec. 12982, Comp. Laws of Mich., 1929; *Roberts* v. *Michigan Trust Co.*, 273 Mich. 91; 262 N. W. 744. Such right or beneficial interest is "present property alienable like any other, in the absence of a valid

restraint upon alienation." *Blair* v. *Commissioner*, 300 U. S. 5, and cases cited therein. The trust agreement contained no restriction upon alienation and the income of the trust was payable to the beneficiaries, "their heirs and assigns."

The validity of the assignment has not been questioned by the respondent. The trustees recognized the validity of the assignment and paid the income directly to the Cranbrook Foundation during 1931 and 1932, the period during which the assignment was in force and effect. Furthermore, the validity of an assignment of a right to receive income of a trust under the laws of Michigan was considered by the Board in *Grace Scripps Clark*, 16 B. T. A. 453. That case involved an assignment executed in California by one of the four children of the grantor of the same trust involved herein of one-half interest in all the income of the trust, which may from time to time be payable to her or to which she may be thereafter entitled, to her husband. The Board therein stated that "It is well established in California, as also in Michigan, that a beneficiary of a trust of the nature of that under consideration may assign his interest therein", and held that the legal effect of the assigning instrument was to vest in the husband all right, title, and interest in and to one-half of her interest in the trust fund, including the income therefrom, and that one-half of the income distributed to her was taxable to her husband and not to her.

The respondent contends that the *Clark* case, *supra*, is not applicable here on the ground that the assignment in that case was irrevocable whereas the assignment herein by its terms was revocable by the petitioner. A beneficiary may transfer a part of his interest as well as the whole, *Blair* v. *Commissioner*, *supra*. Although the assignment was revocable by the petitioner, it was in effect an assignment for a term of years, since it could be revoked only to terminate at the end of the calendar year in which notice of revocation was given. Had the petitioner revoked the assignment in 1931, it would not have been effective until the end of the year 1931, and the same is true as to the year 1932, as disclosed by the facts. She revoked the assignment in October 1932, effective as of January 2, 1933. The assignee under the provisions of the assignment was entitled to receive one-half of the income for a year certain and thereafter from year to year until revoked, and in the event of revocation, until the end of the year in which revoked. It had the right to enforce the payment to it by the trustees under the assignment of one-half of the income for 1931 and 1932. It became by virtue of the assignment a beneficiary of the trust to the extent of the interest assigned. "The one who is to receive the income as the owner of the beneficial interest is to pay the tax." *Blair* v. *Commissioner*, *supra*. In our opinion

the Cranbrook Foundation received the income during 1931 and 1932 as the owner thereof. Cf. *United States* v. *First National Bank of Birmingham*, 74 Fed. (2d) 360.

In *Mabel A. Ashforth et al., Executors*, 26 B. T. A. 1188, involving the question whether income from a trust revocable by notice to be given within the "first fifteen days in December in the calendar year next preceding such contemplated revocation" was taxable to the grantor thereof, the Board held that, the grantor having failed to notify the trustees of an intention to revoke the trust prior to the taxable year as provided therein, "the income was not subject to his 'unfettered command' as he was not free to enjoy it during the taxable year", and that therefore the income of the trust during the taxable years involved was not taxable to the grantor. To the same effect are *Langley* v. *Commissioner*, 61 Fed. (2d) 796; *Lewis* v. *White*, 56 Fed. (2d) 390; *Faber* v. *United States*, 1 Fed. Supp. 859; *Frances Marshall Canfield et al., Executors*, 31 B. T. A. 724. In *Lewis* v. *White*, *supra*, the court stated:

* * * nor does the fact that such possibility of evasion exists operate to extend the taxing powers of Congress to the point where they can tax one person on the income of another when that income is wholly and completely acquired and beyond any power or right in the taxpayer to reach or control its disposition in any manner whatsoever.

The respondent on brief has not called to our attention any statute authorizing the inclusion of the income paid to the Cranbrook Foundation in 1931 and 1932 in the taxable income of the petitioner except sections 161 (a) (2) and (4) and 162 (b) and (c) of the Revenue Acts of 1928 and 1932, which provide in effect that income to be distributed currently by a trustee to a beneficiary, or income which in the discretion of the trustee is distributed to a beneficiary, is taxable to the beneficiary, and deductions are to be allowed to the trustee for the amounts distributed. However, herein in 1931 and 1932 the trustees distributed only one-half of the income to the petitioner and the other half directly to the Cranbrook Foundation, as beneficiary by virtue of the assignment.

*Hazel T. Power*, 23 B. T. A. 428; affd., 61 Fed. (2d) 625; certiorari denied, 288 U. S. 612, cited and relied upon by the respondent, is not controlling here. The assignment therein to her husband of one-third of the income of a trust estate to which the assignor was entitled contained a restriction upon alienation and limited the payment and use of such income to his personal enjoyment. It was an assignment in the nature of a spendthrift trust. Furthermore, in affirming the decision of the Board, the court stated:

* * * As to actualities, the assignment might have been a blank page. * * * The facts are that this entire matter starts with a trust estate in which petitioner has a right to one-half the annual income, and ends with

that income paid by the trustees, at her direction, to a joint bank account of herself and her husband. Whatever her intentions and whatever she did concerning the disposition of her income or interest in the trust estate, the net result was that her entire income under the trust was deposited directly to an account over which she had entire control.

Herein the petitioner had no such control of the interest assigned. The petitioner had no right to stop at any time within the year the payment of the income to the assignee before it took place. Cf. *Corliss* v. *Bowers*, 281 U. S. 376, in which the Court stated: "But taxation is not so much concerned with the refinements of title as it is with actual command over the property taxed—the actual benefit for which the tax is paid."

The fact that the petitioner expressly reserved all interest in the corpus to which she would be entitled under the trust agreement in the event she survived the termination of the trust does not invalidate the assignment or make it ineffective as an assignment of a present interest. She had no right in any event to transfer or assign as such the corpus of the trust estate. Her right to transfer and assign was coextensive with her interest therein. Whether or not she survived the termination of the trust, she had a vested right to receive the income of the trust until the termination of the trust or until her death, whichever occurred first. It is well established that an assignment by a beneficiary of a trust of income payable thereunder vests in the assignee a present interest in the trust. *Blair* v. *Commissioner*, supra; *Lowery* v. *Helvering*, 70 Fed. (2d) 713; *Commissioner* v. *Field*, 42 Fed. (2d) 820; *Robert G. Dodge*, 29 B. T. A. 632; *Grace Scripps Clark*, supra; *Edith H. Blaney*, 13 B. T. A. 1315.

In our opinion the amounts paid by the trustees in 1931 and 1932 to the Cranbrook Foundation under the assignment herein are not taxable to the petitioner.

*Decision will be entered for the petitioner.*