ANNA S. WHITCOMB, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.
E. B. WHITCOMB, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 80017, 85218, 85219, 87196. Promulgated May 5, 1938.

*J. H. Amick*, *C. P. A.*, for the petitioners.
*P. A. Bayer*, *Esq.*, for the respondent.

---

OPINION.

VAN FOSSAN : These proceedings were brought for the redetermination of deficiencies in income tax as follows:

| Petitioner | Docket No. | Year | Deficiency |
|---|---|---|---|
| Anna S. Whitcomb | 80017 | 1932 | $12,012.38 |
| Do | 85219 | 1933 | 46,324.43 |
| Do | 87196 | 1934 | 713.41 |
| E. B. Whitcomb | 85218 | 1933 | 10,606.92 |

Many of the issues raised by the pleadings have been settled either by stipulation filed by the parties or abandonment by petitioner raising the issue.

The remaining issues are, first, whether Anna S. Whitcomb should be taxed on certain income derived from a trust, or whether, pursuant to an assignment executed by her, said income should be taxed to her husband, E. B. Whitcomb.

The second issue is whether husband and wife, residents of Michigan, may divide equally losses resulting from rental of realty owned by them as tenants by the entirety.

The third issue is whether husband and wife, residents of Michigan, may divide and deduct from their respective gross incomes certain taxes paid on bonds jointly owned by them.

The stipulated facts are substantially as follows:

The petitioners, Edgar B. Whitcomb and Anna S. Whitcomb, are, and were throughout the years here under consideration, husband and wife, residents of Grosse Pointe Farms, Michigan. For the years 1932, 1933, and 1934 they filed separate Federal income tax returns.

On May 4, 1906, James E. Scripps executed a trust agreement by which he transferred certain shares of stocks to three trustees for a period of 30 years ending May 4, 1936. The agreement provided in part that the trustees should pay all the income from the trust to the grantor during his life and (section (c)) after his death "at least fifty (50) per cent of all of the dividends, earnings or other income or revenue that shall come into their hands as holders of said stocks, in equal shares" to his four children, their heirs, and assigns, and (section (d)) also the remaining 50 percent thereof unless otherwise used for the improvement of the properties of the corporations in which the stock is held, or for reinvestment, or otherwise, in the discretion of the trustees; that (section (e)) at the termination of the trust the trust estate should be distributed as follows: 60 percent in equal parts to his children then surviving, 25 percent in equal parts to his grandchildren then surviving, and 15 percent in equal parts

to his grandchildren then surviving "of any children now surviving me"; and that:

(f) I expressly provide that this conveyance is made upon the express condition that no interest in the body or corpus of the estate hereby conveyed shall vest except in my said trustees, or their successors, until the termination of said trust, but as to the income accruing during the period of said trust, that such income shall and does vest subject to the terms of this instrument in my children now surviving me, their heirs, legatees or assigns. My said trustees and their successors are hereby expressly vested with the full and complete legal and equitable title to all of said stocks and properties until the termination of the trust created hereby, subject only to the obligation to execute such trust in accordance with the provisions of this instrument.

The trustees named in said trust instrument have ever since held and/or distributed such stock and the proceeds thereof, pursuant to the authority granted by the instrument.

Petitioner Anna S. Whitcomb is the daughter of said James E. Scripps, and is the same Anna S. Whitcomb mentioned in said trust instrument.

On January 31, 1933, petitioner Anna S. Whitcomb executed and delivered the following instrument and immediately notified the trustees of the trust estate of such fact:

Know All Men by These Presents, that on this 31st day of January A. D. 1933, I, Anna Scripps Whitcomb, Village of Grosse Pointe Farms, County of Wayne and State of Michigan, for and in consideration of the love and affection which I have and bear towards my husband, Edgar B. Whitcomb, Village of Grosse Pointe Farms, County of Wayne and State of Michigan, do by these presents give, grant, alien, assign, transfer and set over unto the said Edgar B. Whitcomb, and to his heirs and assigns forever, (subject to the following power of revocation), all my right, title and interest in and to one-half of all my interest in and to the income, rents, interest, reversion, remainder and remainders, both corpus and income therefrom, which from time to time may be payable to me or to which I may be hereafter entitled, under a certain Trust Agreement, dated May 4th, 1906, executed and delivered by my father, James E. Scripps, now deceased, to William E. Scripps, George G. Booth and Edgar B. Whitcomb, as trustees, the property comprising said Trust Fund and the Trustees of said fund being located in the said State of Michigan; with full power to demand, sue for and recover said one-half interest, for and in the name of said Edgar B. Whitcomb, and upon payment and receipt of the same or any part thereof to release and receipt for the same in such manner as shall be lawful and proper.

This Indenture of Agreement is executed and delivered upon the express condition that the undersigned reserves a complete power of amendment or revocation of this Indenture: in that the undersigned hereby reserves the right to revoke and/or amend this Indenture of Agreement, and thereby void any right, title or interest of Edgar B. Whitcomb herein or hereunder upon and at the expiration of twelve months and one day after notice of revocation as hereinafter set forth.

Such notice of revocation or amendment of this Indenture of Agreement, shall be in writing, signed by the undersigned, witnessed and acknowledged

before a notary public and shall be served upon the said EDGAR B. WHITCOMB, or upon said Trustees herein above named, or upon both, either in person or by registered mail at least twelve months and one day prior to such revocation or amendment becoming effective.

IN WITNESS WHEREOF, the said ANNA SCRIPPS WHITCOMB, has hereunto set her hand and seal the day and year first above written.

ANNA S. WHITCOMB (L. S.)
ANNA SCRIPPS WHITCOMB

Signed in the presence of:
WILLIAM J. BERG
THOMAS J. JOYCE, Jr.
STATE OF MICHIGAN
    COUNTY OF WAYNE, SS:

On this 31st day of January, A. D., 1933, before me a notary public, in and for said County, personally appeared, ANNA SCRIPPS WHITCOMB, to me known to be the person described in and who executed the within instrument, who then acknowledged the same to be her free act and deed.

MARTIN C. CALLAHAN
Notary Public, Wayne Co. Mich.
My commission expires: Nov. 29, 1935.

No notice of revocation was given by Anna S. Whitcomb prior to May 22, 1934. On May 22, 1934, Anna S. Whitcomb and Edgar B. Whitcomb mutually agreed to an immediate revocation of the aforementioned assignment dated January 31, 1933.

Pursuant to and by virtue of the terms of the instrument referred to above, cash distributions were made to petitioner Edgar B. Whitcomb, during the year 1933 by the trustees (which cash had previously been received by the trustees as dividends from stock of domestic corporations), in the aggregate amount of $94,437.22; likewise there was paid to Edgar B. Whitcomb by the trustees, during the period from January 1, 1934, to and including May 22, 1934, an aggregate amount of $90,750.

Edgar B. Whitcomb deposited these sums of $94,437.22 and $90,750 in a bank to the joint account of himself and petitioner Anna S. Whitcomb.

Respondent has included the $94,437.22 in Anna S. Whitcomb's taxable income for the year 1933.

In their separate income tax returns filed for the year 1934, Anna S. Whitcomb reported the $90,750 as her income and Edgar B. Whitcomb did not report in his return for that year any of the $90,750 as being his income. The Commissioner of Internal Revenue has made no adjustment to the returns of either Anna S. Whitcomb or Edgar B. Whitcomb on account of said $90,750.

During the years here in question, Edgar B. Whitcomb and Anna S. Whitcomb owned, as tenants by the entirety, various parcels of real estate situate in the State of Michigan. The financial results

from the ownership of such real estate for the years 1932, 1933, and 1934 were as follows:

| | 1932 | 1933 | 1934 |
|---|---|---|---|
| **Income:** | | | |
| Rents received | $80,058.55 | $38,780.86 | $52,113.91 |
| **Expenses:** | | | |
| Interest—mortgages and contracts | 4,019.44 | 775.56 | 715.90 |
| Taxes paid | 70,376.43 | 46,150.02 | 50,875.37 |
| Repairs and maintenance | 7,262.33 | 9,142.39 | 11,304.60 |
| Depreciation allowed | 18,073.78 | 12,655.14 | 20,043.50 |
| General expense | 10,468.54 | 10,319.72 | 11,721.98 |
| Total expenses | 110,200.52 | 79,042.83 | 94,661.35 |
| Net loss | 30,141.97 | 40,261.96 | 42,547.44 |

The taxes and interest and other expenses shown above were paid out of a joint bank account of Edgar B. Whitcomb and Anna S. Whitcomb, his wife, and the checks in payment thereof were usually drawn and signed by M. C. Callahan, business manager.

In the Federal income tax returns which they filed for the years 1932, 1933, and 1934, all of the above taxes and expenses (except for some adjustments in amounts) were claimed as deductions by the husband, Edgar B. Whitcomb, and none of the expenses were claimed as deductions by Anna S. Whitcomb; likewise the income rents received for these years, as shown above, were included in the returns of the husband, Edgar B. Whitcomb, and none of the income was included in the returns of Anna S. Whitcomb.

Respondent has allowed no part of the losses shown above as deductions from Anna S. Whitcomb's gross income, but has allowed Edgar B. Whitcomb to deduct the losses in full from his gross income. Respondent has included no part of the above mentioned income rents received in the gross income of Anna S. Whitcomb, but has included the same as income for the husband, Edgar B. Whitcomb.

During the year 1932, petitioners Edgar B. Whitcomb and Anna S. Whitcomb, owned, jointly, certain bonds. In order to make the bonds exempt from local personal property taxes, there was paid to the Treasurer for Wayne County, Michigan, the sum of $1,695.98 in payment of the so-called "Mortgage Tax", as provided by Act 91 of the Public Acts (Michigan) of 1911.

Respondent has failed to allow Anna S. Whitcomb to treat any part of this tax payment as a deduction from her gross income.

The respondent contends that the assignment by Anna S. Whitcomb, beneficiary of the trust, of a portion of her distributive share of the income from the trust does not release the assignor from tax liability on that portion of the income paid to the assignee.

Petitioners bottom their argument against this contention upon the cases of *Grace Scripps Clark*, 16 B. T. A. 453; and *Ellen S. Booth*,

36 B. T. A. 141 (on appeal C. C. A., 6th Cir.) and in our opinion these cases are dispositive of the issue.

In the *Clark* case, *supra*, which deals with the same trust as here involved, Grace Scripps Clark assigned to her husband a "one-half interest in all income, grants, interest, reversion, remainder and remainders" which might thereafter be payable to her from the trust. This assignment was irrevocable. The Board there held that Mrs. Clark's interest in the trust was an assignable interest and that the legal effect of the assignment was "to vest in the petitioner's husband all right, title and interest in and to one-half of her interest in the trust fund, including the income therefrom. The distribution to the husband, therefore, was income to him and not income to his wife, the assignor.

The case of *Ellen S. Booth*, *supra*, likewise deals with the same trust. The assignment there was of the half interest in the trust and was made to an educational foundation. Express provision was made for the termination of the assignment by the assignor. The Board again upheld the validity of such an assignment, and held that although the assignment was revocable by the petitioner, it was, in effect, an assignment for a term of years, "since it could be revoked only to terminate at the end of the calendar year in which notice of revocation was given."

See *Blair* v. *Commissioner*, 300 U. S. 5, relied upon in *Ellen S. Booth*, *supra*.

The instant case and the *Booth* case, then, to all purposes here pertinent, are identical, save for the distinction between their respective revocation provisions. This we believe to be a distinction without a difference. The conditions of revocation in the present case are substantially similar and are of the same legal effect as those prescribed in the *Booth* case.

It is true that an immediate revocation of the assignment was effected on May 22, 1934, by mutual agreement of the parties to the assignment, no notice of revocation being given. This action, in our opinion, does not in any way affect the legal tenor of the instrument, which is, of course, controlling here.

We, therefore, hold that by virtue of the assignment, E. B. Whitcomb became a beneficiary of the trust to the extent of the interest assigned, and the amounts paid by the trustees to him under the assignment are not taxable to Anna S. Whitcomb.

The amended petition of Anna S. Whitcomb in Docket No. 80017 alleges that the respondent erred in refusing to allow her as a deduction from gross income the sum of $847.99 "which amount represented a payment of taxes made by petitioner within the taxable year." The facts relied upon by this petitioner, as set forth in her petition, are that these taxes in a total sum of $1,695.98 were on

certain bonds which she and her husband had acquired jointly, and that one-half of such taxes, or $847.99, were taxes applicable to her interest in the bonds.

As heretofore mentioned, these cases were submitted on a stipulation of facts. That part of the stipulation covering this phase of the case merely recites: "In order to make said bonds exempt from local personal property taxes, *there was paid* * * * the sum of $1,695.98 in payment of the so-called 'Mortgage Tax' * * *." (Italics ours.) No facts are set forth evidencing that Anna S. Whitcomb paid any portion of such taxes. On this record we must hold the respondent did not err in this respect. *William R. Tracy*, 25 B. T. A. 1055 (reversed on other issues (C. C. A., 6th Cir.), 70 Fed. (2d) 93).

The respondent, in his brief, in effect concedes the remaining issue dealing with the deduction of losses resulting from the rental of real estate held by petitioners as tenants by the entirety. The cases of *John H. Hart*, 27 B. T. A. 528; affd. (C. C. A., 6th Cir.), 76 Fed. (2d) 864, and *Herman Gessner*, 32 B. T. A. 1258, are authority for deciding this issue in favor of petitioner.

Respondent raises an affirmative issue in Docket No. 85218 and requests that the income of E. B. Whitcomb for the year 1933, as shown by the notice of deficiency, be increased by any expenses or losses previously allowed as deductions, which the Board holds to be properly deductible by Anna S. Whitcomb. This adjustment should be made.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

Sternhagen and Mellott dissent.