JAMES MELANEFY *vs.* MARGARET M. O'DRISCOLL.

Worcester.     October 1, 1895. — October 17, 1895.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & BARKER, JJ.

*Reasonableness of Payments by Guardian to Ward's Mother.*

The reasonableness of payments by a guardian to the mother of the ward, who is a minor, for board furnished the ward, and for the kitchen fire, which was the only fire furnished the ward, may be determined on the guardian's accounting, and a finding in his favor will not be disturbed if it was warranted by the evidence.

APPEAL from a decree of the Probate Court, allowing the first account of James Melanefy, guardian of Margaret M. O'Driscoll, a minor. The case was heard by *Barker*, J., who affirmed the decree of the Probate Court. The appellant by her next friend appealed therefrom, and the justice at her request reported the case to the full court for its determination upon the following questions.

The allowance of item 4 of the account was objected to. This item was a charge for $122.25, paid to the mother of the ward for thirty-five weeks' board. It appeared that the accountant was, on July 5, 1889, appointed guardian of the ward, who was about twelve years of age; that her only property was an undivided one-sixth interest in some real estate, which was afterwards sold for $2,602.65; that the income of the whole estate belonged for life to one Mary O'Driscoll, who died on May 17, 1889, and that the ward's estate was a vested remainder after this life estate; that the board was furnished the minor, with the exception of six weeks before the appointment of the guardian, and that the larger portion of the bill accrued before the death of the life tenant; that the payment was made without any order of the Probate Court, or any request from anybody save the mother; that, if the accountant had the right under these circumstances to reimburse the mother, her payment was reasonable in amount, and that the real estate was sold on July 31, 1889, and the bills charged in the account were paid from the proceeds of the sale of the ward's interest therein.

The appellant also objected to the allowance of the following items.

| Number. | Date. | | |
|---|---|---|---|
| 7 | 1889, Oct. 2, | Cash, board, and coal, | $31.50 |
| 39 | 1891, June 6, | Wellington, coal, | 6.75 |
| 40 | " July 1, | Board and coal, | 35.00 |
| 48 | 1892, Feb. 1, | Coal, | 18.75 |
| 63 | 1893, Feb., | Coal and board, | 40.00 |

It appeared that these items, which were paid without any order of the Probate Court, were payments made by the guardian to the mother of the ward, for coal for the kitchen fire, that being the only fire kept by the mother, and no other fire being furnished for the ward. In the opinion of the presiding justice, all the charges for payments by the accountant to the mother were reasonable, when considered together.

If the rulings allowing items 4, 7, 39, 40, 48, and 63, or any of them, or any portion of them, were not warranted, the decree of the Probate Court was to be modified, and such of said items as should be disallowed stricken out; otherwise, the account was to stand in its present form, and the case was to be remanded to the Probate Court for further proceedings.

*F. M. Morrison,* for the appellant.

*J. E. Sullivan,* for the guardian.

ALLEN, J. Even if it were assumed that a widowed mother is under the same obligation to support her minor children as a father would be, an allowance may nevertheless be made to her towards such support from the estate of a child who has property; and if she herself were the guardian, such allowance might be made in the settlement of her accounts. *Dawes* v. *Howard,* 4 Mass. 97. In this instance, another person was appointed guardian; and the reasonableness of his payments to his ward's mother may be determined on his accounting. It is a question of fact, and has been found in his favor, provided such finding was warranted upon the evidence. It was not necessary to obtain an order of court before making the payments. The amount of property of the mother is not stated. Upon the facts reported, we cannot say that the allowance was unreasonable. The appellant suggests that the mother did not originally intend to charge anything against her daughter. But this does not so appear by the report.          *Decree affirmed.*