M. EVELYN CREELEY *vs.* OSCAR S. CREELEY.

Middlesex.   December 7, 1926. — March 2, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Contempt. Marriage and Divorce. Parent and Child. Equity Pleading and Practice*, Exceptions, Contempt proceedings.

Upon a bill of exceptions allowed by a judge of the Superior Court in proceedings for contempt in violating of a decree in divorce proceedings, *it was stated*, that, inasmuch as upon the merits the conclusion reached by the trial court was right, this court did not consider nor undertake to decide whether questions of law arising in such contempt proceedings could be brought here by a bill of exceptions.

At common law, if a father is willing to support his child in his own home and the child elects to stay away without justifiable cause, the father, in the absence of an order of court, is not liable for the child's support while he remains away.

A decree in divorce proceedings ordering that the care and custody of minor children of the parties be given to the father, the libellee, and that "the libellant shall have the right to visit said minor children at reasonable times, and shall have the custody of them, or either of them, for reasonable periods during vacation seasons until the further order of the court," since it contains no order for the maintenance of the children does not suspend the common law as to the father's duty to support

them, and the question, whether he unreasonably neglects to support them, cannot be determined upon a petition that he be adjudged in contempt for violation of the decree.

PETITION, filed in the Superior Court for the county of Middlesex on December 4, 1925, for a citation of the respondent for contempt for violation of the decree entered in the divorce proceedings of the petitioner against the respondent and described in the opinion.

In the Superior Court, the petition was referred to a master. The master in substance found that the sons of the parties, eighteen and seventeen years of age, respectively, were "living away from their father's house solely in consequence of their own desires and not because of any unreasonable restraint placed upon them by their father or as a result of any unreasonable conduct on the part of the libellee"; that the respondent, libellee, was able to support them, and was willing to do so if they would return to his house and obey him; that otherwise he was unwilling; that both sons said that they were unwilling to return on those conditions; that the petitioner, libellant, was financially able to support them, and that if they were to go to work they could support themselves, and that the respondent would not claim their wages.

The case was heard by *Morton,* J. The libellant asked for the following rulings of law:

"1. The decree as to the minor children suspends the common law with regard to their support and maintenance.

"2. If the decree is silent as to maintenance, it follows the custody.

"3. By the decree the burden of support and maintenance of the children was exclusively upon the libellee.

"4. The libellant may bring the present petition as she is involved in the new status created by the decree.

"5. The burden of justification for failure to provide for the children is upon the libellee.

"6. The libellee is not excused under this decree if the children are living with the mother with his consent.

"7. As a matter of law the libellant is not guilty of only conduct that would relieve the libellee from the support of the children.

"8. The children have a right to enforce their right to maintenance through their mother, the libellant.

"9. If the children or libellant might reasonably understand from the libellee's words and actions that the children might live with the mother, the libellee would still continue liable for the children's support if they went to live with the mother, relying on such words and actions.

"10. On the master's report, the libellee is guilty of contempt."

The judge made the following ruling and order:

"The case was heard by me upon a master's report in contempt proceedings. The libellant's exceptions to the master's report are overruled.

"The libellant claims that upon the findings of the master, the petition for contempt should be granted. The libellant presented ten requests for rulings. The tenth request was to find the libellee guilty of contempt on the findings of the master. I deny this request for the following reasons: The purpose of the petition is in effect to enforce the common law obligations of the father to support his minor children. In my opinion this cannot be done by these proceedings. The decree does not suspend the common law in regard to support and maintenance. Moreover, the facts found by the master do not in my opinion prove that the libellee is in contempt of a decree giving him the care and custody of the minor sons. If I am right in these rulings, the requests from two to nine inclusive are immaterial and are therefore denied.

"A decree should be entered dismissing the petition for contempt."

The petitioner, libellant, alleged exceptions.

*J. L. Sheehan*, for the petitioner.

*J. H. Vahey & P. Mansfield*, for the respondent, submitted a brief.

SANDERSON, J. This is a petition for contempt brought by the libellant, alleging that the libellee has refused and neglected to provide for his children in violation of a decree entered in the divorce proceedings ordering that "the care and custody of Philip L. Creeley and Thomas V. Creeley, the minor children of the parties hereto, be and hereby is

given to the libellee, Oscar S. Creeley, but the libellant shall have the right to visit said minor children at reasonable times, and shall have the custody of them, or either of them, for reasonable periods during vacation seasons until the further order of the court." The case was referred to a master and at the hearing on his report the judge ordered that a decree be entered dismissing the petition. The libellant has presented by a bill of exceptions the questions of law sought to be raised. Inasmuch as upon the merits the conclusion reached by the trial court was right, we have not considered nor undertaken to decide whether questions of law arising in contempt proceedings can be brought to this court by bill of exceptions. See *Commonwealth* v. *McNary*, 246 Mass. 46, 48. *New York Central Railroad* v. *Ayer*, 253 Mass. 122, 127, 128.

At common law a father is entitled to the custody of his minor children and, if of sufficient ability, is bound to support them. *Commonwealth* v. *Briggs*, 16 Pick. 203, 205. *Brow* v. *Brightman*, 136 Mass. 187. *Treasurer & Receiver General* v. *Sermini*, 229 Mass. 248, 251. Accompanying this obligation to support is the right on the part of the father to the custody, society and services of the child. *Angel* v. *McLellan*, 16 Mass. 27, 29. *Foss* v. *Hartwell*, 168 Mass. 66, 67. If the father is deprived of the custody of his child by order of court, it is held in this Commonwealth that the common law duty to support ceases and, apart from statute, his obligation in this respect is then to be determined by judicial decree. G. L. c. 208, § 28. *Brow* v. *Brightman*, *supra*. *Stone* v. *Duffy*, 219 Mass. 178. *Miller's Case*, 244 Mass. 281, 283. If the father is willing to support his child in his own home and the child elects to stay away without justifiable cause, the father is not liable for his support while remaining away, in the absence of any order of court. *Angel* v. *McLellan*, *supra*. *Foss* v. *Hartwell*, *supra*. If the question, whether the father unreasonably neglected to support his children, were open on this petition, the court would be justified by the findings in reaching the conclusion that the petition should be dismissed. But in the decree giving to the libellee custody of the children for a portion of the

year, there was no order for their maintenance, and during the periods when they were in his custody under this order his obligation to provide for them remained as it was at common law. In refusing to contribute to their support he has violated no order of the court, and the question, whether he has unreasonably neglected to support them, cannot be determined on this petition. No reversible error appears in the refusal of the court to grant the libellant's requests for rulings.

*Exceptions overruled.*