J. S. PYEATT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 92125, 93279.   Promulgated April 18, 1939.

*A. Harding Paul, Esq.,* for the petitioner.
*W. W. Kerr, Esq.,* for the respondent.

778

OPINION.

BLACK: The Commissioner has not made very clear his position in these proceedings. He has included in petitioner's income for 1934 all the taxable income of two trusts which in a prior year petitioner had established for his two daughters, Frances and Martha. In his deficiency notice for 1934 the Commissioner does not explain the ground upon which he included the income of these two trusts in petitioner's income. For 1935 the Commissioner included in petitioner's income the income of the trust for Martha, but not the income of the trust for Frances. In justification of his action for 1935 the Commissioner cites section 166 of the Revenue Act of 1934.

Inasmuch as Frances married in 1933 and throughout the year 1934 was living with her husband in her own home and all of the 1934 income of the trust created for her benefit was paid to her by

the trustee, except $250 which was paid to petitioner just prior to January 14, 1934, and was immediately paid over to Frances by him, we hold that none of the 1934 income of the trust for Frances is taxable to petitioner. The reasons for this holding will be given more at length later on.

We shall now take up the question of the taxability to petitioner of the income in 1934 and 1935 of the trust for Martha. In both of these years Martha was a minor and the tax consequences for both years of the income of this trust are the same.

The Commissioner has not filed any brief, but his counsel at the hearing stated that the Commissioner is relying upon *Douglas* v. *Willcuts*, 296 U. S. 1, and the line of cases decided in pursuance thereof. We presume that the Commissioner's contention that all the income of the trust for Martha for both taxable years is taxable to petitioner is based upon the following language in the trust: "* * * to pay or apply the net income from the other one of said equal shares and so much of the principal as shall be required, *as hereinafter provided* to or for the use of the said Martha Elizabeth Pyeatt * * *." (Italics supplied.) Evidently the Commissioner has interpreted "as hereinafter provided" to refer only to the principal of the trust and the trust itself to provide that all the income of the trust should be used for the support and maintenance of Martha during her minority. If this were the correct construction of the trust instrument, then unquestionably the Commissioner's contention that *Douglas* v. *Willcuts*, *supra*, applied to all the income of the trust for Martha for both years would be correct. Cf. *Helvering* v. *Stokes*, 296 U. S. 665. However, we do not construe the language above mentioned to refer only to the principal of the trust, but construe it to also apply to the income and to provide that both shall be distributed "as hereinafter provided." When we look to the trust instrument to find out what provision is "hereinafter provided" for distribution for the support and maintenance of the minor, we find the language contained in paragraph 5 of the trust instrument as set out in our findings of fact. The language in paragraph 5 in some parts is not free from ambiguity. That is true as to the provision for a maximum distribution of $3,000 for the support and maintenance of the minor in any one year. We construe the meaning of the language of the trust in this respect to mean substantially this: The trustee shall pay out of income a maximum amount of $3,000 for the support and maintenance of the minor in any one year. This shall be paid upon the written request of the grantor or his wife, Myra Loy Pyeatt, and if the income is not sufficient for that purpose then the trustee shall invade the principal to make up the full $3,000.

The testimony at the hearing was to the effect that both the grantor and the trustee interpreted the trust indenture as above indicated in their dealings with the trust. We think the trust indenture is fairly susceptible to the construction which has been given it by the parties thereto. Therefore we hold that *Douglas* v. *Willcuts, supra*, does not apply except as to the maximum of $3,000 of the income which within the discretion of the grantor could be used for the support and maintenance of Martha. See our discussion in *Jay O. Hormel*, 39 B. T. A. 244. Cf. *Phebe Warren McKean Downs*, 36 B. T. A. 1129; *Hudson* v. *Jones*, 22 Fed. Supp. 938.

Petitioner relies upon *E. E. Black*, 36 B. T. A. 346, and other similar Board and court cases to support his contention that he is taxable only on the small amounts of income which he actually received from the trust in the two taxable years. These amounts are shown in our findings of fact. The *Black* case held in substance that, where the trust instrument confers upon the trustee the discretion to use all or part of the income of the trust for the support and maintenance of the minor and the evidence shows that none of the income was so used, then none of the income of the trust is taxable to the grantor who was legally liable for the support and maintenance of the minor. To the same effect is *Hudson* v. *Jones, supra; Higgins* v. *White*, 93 Fed. (2d) 357. See G. C. M. 18972, Cumulative Bulletin, 1937-2, p. 231, which cites the *Black* case.

We do not think the foregoing authorities are applicable to the facts of the instant case. The discretion as to what part of the income of the trust should be used for the support and maintenance of the minor was not left to the trustee. That discretion was left to the settlor of the trust, petitioner herein, upon whom rested the legal obligation to support and maintain Martha during her minority. He was limited, however, to $3,000 which he could draw in any one year. The income in 1934 was ample to pay the full $3,000 without invading any part of the principal. It is true petitioner drew only $236 from Martha's trust in 1934, but he might have drawn the full $3,000 if he had so desired. The only reason that he did not draw it was because he did not care to, but preferred to pay most of Martha's expenses out of his own pocket. We think that in such a situation section 167 (a) (2) of the Revenue Act of 1934 would be applicable to $3,000 of the income of the trust, even though only $236 was withdrawn. That section reads: "(a) Where any part of the income of a trust * * * (2) may, in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income, be distributed to the grantor * * * then such part of the income of the trust shall be included in computing the net income of the grantor."

In such a case the doctrine of the Supreme Court in *Corliss* v. *Bowers*, 281 U. S. 376, as well as the express language of the foregoing statute applies. "The income that is subject to a man's unfettered command and that he is free to enjoy at his own option may be taxed to him as his income, whether he sees fit to enjoy it or not."

The situation in the instant case, as we have already remarked, is distinguishable from that which existed in *E. E. Black*, *supra*, and that line of cases. In those cases the settlor could not go to the trustee and demand all or part of the income within his own discretion. He could get only such part of the income as the trustee, within the exercise of his discretion, might pay to the settlor. In such latter circumstances, as we have already pointed out, the Board and the courts have held that, where the evidence shows that none of the income was used for the support and maintenance of the minor, the income of the trust is not taxable to the settlor.

As we have already stated, the Commissioner in his deficiency notice for the year 1935 justified his action by a reference to section 166 of the Revenue Act of 1934. Section 166 relates to revocable trusts as to corpus. The trusts in the instant case were not revocable as to corpus and we think section 166 has no application.

It might be contended that all the income of the trusts herein was taxable to petitioner under section 167 (a) (1) because the trust indenture contains a provision which reads: "In event of the death of said Frances Edith Pyeatt and Martha Elizabeth Pyeatt before the termination of this trust, without issue surviving, then said Trustee is directed to pay over the principal of said trust funds, together with any accumulations of income thereon, to the Grantor * * *." Undoubtedly, under the doctrine of *Kaplan* v. *Commissioner*, 66 Fed. (2d) 401, such a contention would be plausible. There, the court, in construing a statute substantially the same in language as section 167 (a) (1) of the Revenue Act of 1934, said: "We think the statute means that if under *any* circumstances or contingencies any part of the accumulated income might inure to the benefit of the grantor such portion of the income is taxable to him." (Italics ours.) The *Kaplan* case, *supra*, was decided July 24, 1933, which was prior to the Supreme Court's decision in *Helvering* v. *St. Louis Union Trust Co.*, 296 U. S. 39, and *Becker* v. *St. Louis Union Trust Co.*, 296 U. S. 48, in which it was held that such a provision in a trust as we have quoted above from the Martha trust was a mere "possibility of reverter" and was not sufficient to require an inclusion in the decedent's estate of property conveyed in trust by decedent in his lifetime. Plainly, the language which we have quoted from the *Kaplan* case, *supra*, has been narrowed by these later decisions of the Supreme Court.

We cited these Supreme Court cases as our authority for holding in *William E. Boeing*, 37 B. T. A. 178, that the income of a trust was not includible in the grantor's income although the trust instrument contained a possibility of a reverter if the beneficiary should die before reaching the age of thirty and prior to the death of the grantor. See also *John Edward Rovensky*, 37 B. T. A. 702; *Meredith Wood*, 37 B. T. A. 1065; *Henry A. B. Dunning*, 36 B. T. A. 1222.

Therefore, under authority of the foregoing cases, we hold that the income of the trusts is not taxable to petitioner because of the fact that under the terms of the trust both the accumulated income and the corpus of the trust might revert to petitioner if Frances and Martha died prior to petitioner and provided also they died without issue. Another reason, aside from any of the reasons given in the foregoing opinion as affecting the trust for Martha, as to why none of the income from the trust for Frances should be taxed to petitioner, is that Frances married in 1933 and was living with her husband in her own home in 1934. The trust indenture provided: "* * * in the event that either of said beneficiaries shall marry before the termination of the trusts hereby created, * * * the Trustee is to have absolute and sole discretion in the matter of disbursing the income to the end that the whole thereof shall be applied exclusively to and for the support, maintenance and education of those whom this agreement is intended to protect and benefit, and to this end, the Trustee shall require, if necessary, a submission of vouchers before disbursing such income." See paragraph 6 of the trust indenture set out in our findings of fact.

A representative of the trustee testified at the hearing and said that the trustee, acting under the foregoing provisions of the Frances trust, exercised its discretion and paid over all the income of the trust for Frances in 1934 to her except the $250 which was paid to petitioner shortly prior to January 14, 1934, the date when Frances became twenty-one years of age. The trustee did not explain why this $250 was paid over to petitioner, but petitioner testified that the check was promptly endorsed by him and paid to Frances. It was not used to discharge any legal obligation of petitioner, cf. *Douglas* v. *Willcuts, supra*, because Frances was married and living in Denver, Colorado. Under the laws of Colorado a parent is not legally liable for the support of his married daughter. *Perkins* v. *Westcoat*, 3 Colo. App. 338. See also 46 Corpus Juris, sec. 46, p. 1269. We hold, therefore, that the $250 which was paid to petitioner in 1934 from the income of the trust for Frances and was in turn paid over to Frances by him is not taxable to petitioner.

In conformity with the foregoing opinion, we hold that none of the income of the trust for Frances is taxable to petitioner in 1934, and that $3,000 of the income from the trust for Martha is taxable to petitioner in each of the years 1934 and 1935, which includes the comparatively small amounts that were actually distributed to him in those years.

Reviewed by the Board.

*Decision will be entered under Rule 50.*