*1263 OPINION.
Hun:
Since this proceeding was submitted to the Board, the Supreme Court has rendered two decisions construing section 166 of the *1264 Revenue Act of 1934, upon which respondent rests, in part, his argument in this case—Helvering v. Clifford, 309 U. S. 331, and Helvering v. Wood, 309 U. S. 344. The distinction between a reversion, with which we are faced in the instant case, and a power to revest or revoke is clearly set forth in the Wood case, supra:
* * * generally speaking, the power to revest or to revoke an existing estate is discretionary with the donor; a reversion is the residue left in the grantor on determination of a particular estate. ⅜ * * Congress seems to have drawn Sec. 166 with that distinction in mind, for mere reversions are not specifically mentioned. * * * And where Congress has drawn a distinction, however nice, it is not proper for us to obliterate it. * * ⅜
The interest of this petitioner in the 1933 trust was clearly a reversion. He reserved no power to revoke the trust set up for his son, and the trust was certain to terminate in two years. In the case of the trust for his daughter and her husband the facts are different; but the ultimate vesting of the trust estate, either in the petitioner or in his estate is no less certain to occur than in the case of the 1933 trust, nor did petitioner have the power either to change the conditions set forth in the instrument or to revoke the trust.
Both of the trusts clearly fall within that class of trusts which the Supreme Court in the Wood case, supra, specifically excluded from the scope of section 166. They are not revocable trusts.
In the brief of counsel for respondent the income of the two trusts is sought to be attributed to petitioner on the theory that the direction of investments and sales and the accumulation of capital income is tantamount to control over the income. Clearly this view is erroneous. Cf. Christopher L. Ward, 40 B. T. A. 225, where, as here, the corpus was actually conveyed to the trustees who collected and distributed the income to the beneficiaries in accordance with the trust agreements. The advice given by petitioner for sales and investments could not nullify a trust otherwise valid.
Respondent, however, has a further alternative contention, i. e., that the capital gains of the two trusts for the year 1935 are taxable to the petitioner as grantor under section 167 of the Revenue Act of 1934.[1] That section, unlike section 166, does not apply solely to trusts where the grantor retains a power of revocation. Several cases tend to shed light upon the application of section 167. Everett D. Graff, 40 B. T. A. 920, and Commissioner v. Morris, 90 Fed. (2d) 962. In the Morris case the court said, at page 964, in upholding a decision of this Board :
As to its decision regarding the capital gains which has to be added to the principal, regardless of any exercise of discretion by the trustees, for disposal *1265 when the trusts terminated, we think the Board was right. It held that as to such income from capital gains absolutely distributable as principal at the termination of the trust section 167 of the 1928 Act did not apply. * ⅜ ⅜ There is, indeed, no plausible reason apparent why, when income which may be accumulated for eventual distribution to the grantor is taxed to him, he should not also be taxed on income which must be accumulated for that purpose. In the Revenue Act of 1932 (Section 167 (26 U. S. C. A. Sec. 167 and note)), the tax was so extended * * * Nor does the fact that In the Revenue Act of 1932 Congress changed the law to cover such instances as this indicate more than that the amendment was for the purpose of filling a gap in the previous law. * * * [Italics ours.]
And at page 924 of the Graff case, supra, the Board said:
⅜ * * But section 167, in its present form, operates as effectively upon accumulated trust income where it “is ⅞ * * held * * * for future distribution to the grantor” as it does where that future distribution may be contingent upon the exercise of a nonadverse discretion. * * *
In the instant case the income from capital gains of the 1933 trust was paid to petitioner in 1935 as a part of the reverted trust corpus. Furthermore, there is no dispute as to the amount of that income. Clearly, therefore, the petitioner is taxable thereon pursuant to section 167.
As to the 1935 trust for the daughter, the situation is materially different. The corpus, including any and all capital gains which the trustees must accumulate, must at some future date vest either in the petitioner or his estate. It will vest in the petitioner himself only if (1) Cynthia Wilson Compton dies without issue during the lifetime of the petitioner, or, (2) her youngest surviving child attains the age of 20 or dies prior thereto during the lifetime of petitioner. And it will vest in petitioner’s estate upon (3) the death of petitioner at any time.
There is not only no reasonable certainty that the corpus will ever vest in the petitioner, but, on the contrary, it would seem that such vesting is not reasonably probable. The future life expectancy of the daughter is now greater than that of the petitioner. And, even should she predecease him, he would not become entitled to the corpus until her youngest surviving child reached the age of 20 or died prior thereto. In view of these contingencies, it can not be said that the petitioner has any more than a mere possibility of reverter in the corpus. This Board and the courts have now definitely established that the grantor of a trust is not subject to tax upon accumulated income if his only interest is a mere possibility of reverter. William E. Boeing, 37 B. T. A. 178; J. S. Pyeatt, 39 B. T. A. 774; Genevieve F. Moore, 39 B. T. A. 808; Christopher L. Ward, supra. It is our conclusion that such interest as petitioner retained in the property of the 1935 trust was not of sufficient substance to justify a reasonable expectation that he will ever benefit by the accumulations of the income thereof.
*1266 As already pointed out, however, the corpus must vest in petitioner’s estate, if not in petitioner himself. Because of this fact, counsel for respondent concludes that the situation falls within the scope of section 167, a conclusion with which we do not agree. The wording of that section is “for future distribution to the grantor.” Nowhere is there any mention of “or his estate”, the additional scope which counsel for respondent would impute to the section.
Accordingly, we hold in favor of the respondent as to the taxability to petitioner of the accumulated capital gains of the 1933 trust, and in favor of the petitioner on all issues concerning the 1935 trust for the daughter.

Decision will he entered under Bule 50.

 SEC. 167. INCOME FOR BENEFIT OF GRANTOR.
(a) Where any part of the income oí a trust—
(1) is, * * * held or accumulated for future distribution to the grantor, or
* * * * v * *
then such part of the income of the trust shall be included in computing the net income of the grantor.