FREDERICK AYER, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 93019.   Promulgated, September 18, 1941.

*Phillips Ketchum, Esq.*, for the petitioner.
*Charles P. Reilly*, for the respondent.

## OPINION.

BLACK: In taxing the income of the five children's trusts to petitioner the Commissioner, in his deficiency notice, relied upon section 166 of the Revenue Act of 1934 and article 166–1 (b) (2) of Regulations 86. At the hearing of this proceeding the Commissioner, however, amended his answer and stated therein, among other things, as follows:

* * * In support of said determination the respondent relies not only on the provisions of Section 166 but also on Sections 167 and 22 (a) of the Revenue Act of 1934.

The petitioner denies that he is subject to tax under either of the named sections of the statute. We shall examine the respective sections of the statute relied upon by respondent and determine whether the trust indentures involved herein fall within their respective provisions, or of any of them.

### Section 166.

Section 166 and article 166–1 (b) (2) of Regulations 86, which respondent named in his deficiency notice, are printed in the margin.[1]

The provisions of the trust indentures herein involved retain no power of revocation lodged either in petitioner or in anyone else. The trusts were created under and have been administerd according to

---

[1] SEC. 166. REVOCABLE TRUSTS.

Where at any time the power to revest in the grantor title to any part of the corpus of the trust is vested—

(1) in the grantor, either alone or in conjunction with any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom, or

(2) in any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom,

then the income of such part of the trust shall be included in computing the net income of the grantor.

ART. 166–1. *Trusts in the corpus of which the grantor retains an interest.*—

*     *     *     *     *     *     *

(b) *Test of taxability to the grantor.*—The sufficiency of the grantor's retained interest in the corpus resulting in the taxation of its income to the grantor is determined by a single test, namely, whether the grantor has failed to divest himself, permanently and definitively, of every right which might by any possibiltiy enable him once more to possess and enjoy in title the trust corpus. For the purposes of this article the sufficiency of the grantor's retained interest in the corpus is not affected by the fact that the grantor has provided that the right to cause the title to the corpus to revest in himself is, or may at some future time be, vested in any person (either alone or in conjunction with the grantor) not having a substantial interest in the corpus or income therefrom adverse to the grantor.

If the grantor has retained any such interest in the corpus he is taxable on the income therefrom regardless of—

*     *     *     *     *     *     *

(2) whatever the nature of interest retained may be; whether the interest retained is vested, contingent, in reversion, or otherwise; whether conditioned on the precedent giving of notice, or on the elapsing of a period of years, or on the happening of a specified event; whether taken by appointment, or by designation in the trust instrument, or merely by virtue of the grantor not conveying his whole estate in the corpus, or otherwise;

Massachusetts law. Decisions of the Supreme Judicial Court of Massachusetts hold that a reservation of powers in the grantor of an *inter vivos* trust must be made by words of specific reservation in the trust indenture. *Thorpe* v. *Lund*, 227 Mass. 474; 116 N. E. 946; *Coolidge* v. *Loring*, 235 Mass. 220; 126 N. E. 276.

Respondent cites no authority to the contrary. He merely argues in his brief that:

In view of the presence in each trust instrument of the very broad general provision permitting the trustees to "do all things in relation to the trust property which the Settlor could do if this instrument had not been made", plus the fact of absence from each trust instrument of any limitation on, or exception to, said general provision indicating that the trusts might have been intended to be irrevocable, respondent contends that the trusts are in fact revocable by the trustees and that the income is properly taxable to the grantor under Section 166 of the Revenue Act of 1934.

The broad power of the trustees referred to by respondent in the above quotation from his brief was not an unlimited power in the trustees, but concerned only the management of the trust property for the purposes of the trust as set forth in the indentures.

In *Carleton H. Palmer*, 40 B. T. A. 1002; affd., 115 Fed. (2d) 368, the trustees were given the power "to exercise freely and in their uncontrolled discretion all the rights, powers and privileges appertaining to full and complete ownership thereof." In referring to the broad powers of the trustees, we stated in our opinion as follows:

* * * Those powers which petitioner as grantor reserved to himself as one of the trustees relate to the management of the trust corpus and do not vest in the grantor any control as an individual over the economic benefits or enjoyment of the trust property. * * *

We held that the trust in that case was not a revocable trust within the meaning of section 166. Likewise, we hold in the instant case that petitioner is not taxable on the income of the five children's trusts under section 166.

### Section 167.

It is respondent's contention that petitioner is taxable on the income of the trusts under section 167, printed in the margin.[2]

In support of his contention that the incomes of the trusts were taxable to petitioner under section 167, respondent points out that each of

SEC. 167. INCOME FOR BENEFIT OF GRANTOR.

  (a) Where any part of the income of a trust—

    (1) is, or in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income may be, held or accumulated for future distribution to the grantor; or

    (2) may, in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income, be distributed to the grantor; or

    (3) is, or in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income may be, applied to the payment of premiums upon policies of insurance on the life of the grantor (except policies of insurance irrevocably payable for the purposes and in the manner specified in section 23 (o), relating to the so-called "charitable contribution" deduction) ;

the trust indentures provides that the trustees shall pay to the child of petitioner therein named as beneficiary so much of the income as they may deem necessary for his support, education, comfort, and happiness and so much of the principal as they may deem necessary from time to time for his maintenance and support and to add the balance of the net income, if any, in any year to the principal.

In *E. E. Black*, 36 B. T. A. 346, we held with respect to a trust established by a taxpayer for the benefit of his wife and children, under which the trustees had a discretionary power to apply the income for the support and maintenance of the taxpayer's wife and children, that the grantor was not taxable on the income of such a trust where, as a matter of fact, none of the income was distributed or used by the trustees in discharge of the grantor's legal obligation to support the members of his family.

In the instant case none of the net income of the trusts was applied or distributed by the trustees during the calendar year 1934 for the children's benefit. The entire net income was accumulated in accordance with the provisions of the trusts. Therefore, on authority of the *Black* case, we hold against respondent on this point. See also *Martin F. Tiernan, Trustee*, 37 B. T. A. 1048 (appeal dismissed, C. C. A., 3d Cir., June 12, 1939); *Hudson* v. *Jones*, 22 Fed. Supp. 938.

Respondent advances, as his next reason why the trust income is taxable to petitioner under section 167, that each trust instrument provides that upon the death of the child named as beneficiary, without issue and in default of appointment, the principal of the trust shall go to the settlor, if living. The Board has held that the mere possibility of a reverter is not sufficient to cause the income of an irrevocable trust to be taxable to the settlor under section 167. *William E. Boeing*, 37 B. T. A. 178; *Genevieve F. Moore*, 39 B. T. A. 808; *Marrs McLean*, 41 B. T. A. 565. On the authority of these cases we hold against respondent on this point.

## Section 22 (a).

It is the Commissioner's further contention that petitioner is taxable on the income of the trusts under section 22 (a) of the Revenue Act of 1934, printed in the margin.[3]

---

then such part of the income of the trust shall be included in computing the net income of the grantor.

(b) As used in this section, the term "in the discretion of the grantor" means "in the discretion of the grantor, either alone or in conjunction with any person not having a substantial adverse interest in the disposition of the part of the income in question."

[3] SEC. 22. GROSS INCOME.

(a) GENERAL DEFINITION.—"Gross income" includes gains, profits, and income derived from salaries, wages, or compensation for personal service, of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever. * * *

We think this latter contention of respondent presents considerable more difficulty than those which we have discussed above. Respondent relies principally upon *Helvering* v. *Clifford*, 309 U. S. 331. There is some uncertainty as to the extent of the applicability of section 22 (a) under the decision of the *Clifford* case. Cf. *Snowden A. Fahnestock*, 43 B. T. A. 569. It should be remembered that the trusts involved in the instant case were not short term trusts, as in the *Clifford* case, but were for the life of the beneficiary named in the respective trusts. The corpus and accumulated income were not to revert to the grantor except upon a remote contingency. Under these circumstances, we do not think *Helvering* v. *Clifford, supra*, is controlling.

As the court pointed out in *Commissioner* v. *Branch*, 114 Fed. (2d) 985:

*Helvering* v. *Clifford* rests on its particular facts, as the court was careful to say. We do not understand that the case, as a general proposition, obliterates the separate legal personality of the wife for purposes of determining the gross income of the husband under Section 22(a). Where the grantor has stripped himself of all command over the income for an indefinite period, and in all probability, under the terms of the trust instrument, will never regain beneficial ownership of the corpus, there seems to be no statutory basis for treating the income as that of the grantor under Section 22(a) merely because he has made himself trustee with broad power in that capacity to manage the trust estate. See *Helvering* v. *Achelis*, 112 F. (2d) 929. We do not read the dictum in *Helvering* v. *Fuller*, 310 U. S. 69, 76, as implying the contrary.

*White* v. *Higgins*, 116 Fed. (2d) 312, was also a trust which was to last for the lifetime of the beneficiary, as in the *Branch* case, and was decided by the same court as decided that case. The court in its decision in *White* v. *Higgins* pointed out the distinction in the facts there present from those which were present in the *Branch* case. Among the powers reserved to the settlor in *White* v. *Higgins* was one, as pointed out by the court, whereby the settlor:

* * * Under paragraph (b) of Article Fourth she need not even wait these three years; she may at once pay any or all of the principal or income to herself, if she as trustee thinks that this will most promote her "best interests and welfare."

There are no such provisions contained in the trusts in the instant case. Likewise, in *Morton Stein*, 41 B. T. A. 994, in which *Helvering* v. *Clifford* was followed, although not a short term trust, large powers were reserved to the settlor, such for example as the power "to alter, modify or vary the terms of the trust except not in such a manner as that any part of the trust income could be paid to him during the lifetime of his wife." On account of the large powers reserved to the grantor of the trust in that case, we held that the income was taxable to him under section 22(a).

We think the facts in the instant case more nearly correspond with those present in *Commissioner* v. *Branch* than any of the other cases cited above. Therefore, following the *Branch* case, we hold that none of the income of the trusts was taxable to petitioner in the year 1934. Cf. *Frank E. Wolcott*, 42 B. T. A. 1151.

The parties have stipulated that if our decision is in favor of the petitioner on this main issue, then it is agreed that petitioner has made an overpayment of income taxes for the year 1934 in the amount of $170.50, which amount was paid by the petitioner within three years before the filing of the petition in this proceeding.

Reviewed by the Board.

> *Decision will be entered for petitioner in accordance with the stipulated amount.*

LEECH dissents.

---

OPPER, dissenting: This income falls literally within the language of section 167 (a) (2) for it "may, in the discretion  *  *  *  of any person [the petitioner and his wife] not having a substantial adverse interest [*Reinecke* v. *Smith*, 289 U. S. 172; *Commissioner* v. *Caspersen* (C. C. A., 3d Cir.) 119 Fed. (2d) 94]  *  *  *  be distributed to the grantor," he being the natural guardian of his minor children. *Melanefy* v. *O'Driscoll*, 164 Mass. 422; 41 N. E. 654; *Freeman* v. *Coit*, 27 Hun. 447; 96 N. Y. 63; *Cleveland Clinic Foundation* v. *Humphrys* (C. C. A., 6th Cir.), 97 Fed. (2d) 849; certiorari denied, 305 U. S. 624; *Creeley* v. *Creeley*, 258 Mass. 460; 155 N. E. 424. That he can obtain such income only for a specific purpose does not avail to transform a literal distribution to the grantor into something which we can fairly say Congress did not intend to include; for it is a purpose involving his own pecuniary benefit, a "restriction entailing only what would cause grantor's taxability under *Douglas* v. *Willcuts*, 296 U. S. 1  *  *  *", in any event. *George H. Whiteley, Jr.*, 42 B. T. A. 402, 416; affd. (C. C. A., 3d Cir.), 120 Fed. (2d) 782; *J. S. Pyeatt*, 39 B. T. A. 774.

If such a distribution was not made in the taxable year, that is no ground for ignoring section 167, since it is the possibility, not the result, which that section prescribes as the criterion of taxability. *George H. Whiteley, Jr., supra; J. S. Pyeatt, supra*, distinguishing *E. E. Black*, 36 B. T. A. 346, and similar cases. Actual or constructive receipt of income is a consideration more appropriate to the determination of gross income under section 22 (a). See *Schweitzer* v. *Commissioner*, 75 Fed. (2d) 702; reversed, 296 U. S. 551. But subdivision (a) (2) of 167 refers to income which "may" be distributed. The word "is" does not even appear.

Only a total disregard of reality can justify us in viewing the same individual in his capacities of taxpayer, grantor, trustee, natural guardian, and father, as separate beings. Lacking acceptable proof that petitioner can not benefit from this trust except by violating its terms—an inconceivable result, since the instrument specifically sanctions his use of the income for the payment of his own obligations—I am unconvinced that there is warrant for reading section 167 as though it used the word "grantor" to describe a capacity instead of a man. See *Reinecke* v. *Smith, supra; White* v. *Higgins* (C. C. A., 1st Cir.), 116 Fed. (2d) 312; *William Clark Arkell*, 38 B. T. A. 177, 181; *Ethel K. Childers*, 39 B. T. A. 904; affd. (C. C. A., 10th Cir.), 110 Fed. (2d) 934; certiorari denied, 311 U. S. 667.

SMITH, HILL, and DISNEY agree with this dissent.