Estate of Luke B. Schmidt, Irene B. Schmidt, as Executrix v. Commissioner.
Estate of Schmidt v. Commissioner
Docket No. 1765.
United States Tax Court
1944 Tax Ct. Memo LEXIS 267; 3 T.C.M. (CCH) 412; T.C.M. (RIA) 44139; May 3, 1944
*267 John K. Skaggs, Jr., Esq., for the petitioner. Cecil H. Haas, Esq., for the respondent. HARRON Memorandum Opinion HARRON, Judge: The respondent determined a deficiency of $5,449.66 in income tax for the year 1939. One of the adjustments is not disputed. The only issue is whether the income of two trusts created by decedent for the benefit of his two minor children was taxable to the decedent. Most of the facts are stipulated. [The Facts] The decedent filed his income tax return for the taxable year with the collector for the district of Florida. He died on January 26, 1941. His widow, Irene B. Schmidt, is the duly qualified and acting executrix of his estate. On July 14, 1937, the decedent executed two irrevocable trust indentures under which he created two separate trusts, one for the benefit of his daughter, Nancy Jane Schmidt, and one for the benefit of his son, William B. Schmidt. The Fidelity and Columbia Trust Company of Louisville, Kentucky, was named as trustee. The corpus of each trust consisted of 68 shares of stock of the Coca Cola Bottling Company of Louisville. Both indentures contained similar provisions, differing only in their respective names. On the date *268 of the execution of the indentures, decedent was 43 years of age, his wife, Irene B. Schmidt was 41 years of age, his daughter, Nancy Jane Schmidt was 12 years of age, and his son, William B. Schmidt was 10 years of age. In addition to giving the trustee broad administrative powers in the management of the corpus, each indenture provided that the trustee was to accumulate the trust income until the respective child attained the age of 30 years, after which time the trustee was to pay the child the entire net income from the trust during the child's life. It was further provided that until the child attained the age of 21 years, the trustee, in its discretion, could pay all or any part of the trust income to Irene B. Schmidt for the benefit of each child, or if Irene B. Schmidt were not alive the trustee could use the income for the benefit of each child. Upon each child attaining the age of 21 years, the trustee was authorized to pay certain proportions of the annual trust income to the child until such child reached the age of 30 years. In the event the child required additional funds, by reason of illness or other extraordinary or unforeseen circumstances, the trustee, in its sole *269 discretion, was authorized to pay those funds from either trust income or principal. As has been stated above, the trusts were to continue during the lives of the grantor's children who were the income beneficiaries. The trusts were to continue after the death of each beneficiary for 21 years if there were descendants of the beneficiaries living, income to be paid to the descendant-beneficiaries during the period of 21 years. If upon the death of Nancy or William, the grantor's children, there are no descendants, or if the descendants should die within the 21 year period of the continuance of the trust, the trust is to terminate and the assets shall pass to the grantor's heirs-at-law under Florida law, except that if one of the grantor's children is living at the time a trust would terminate, the trustee is to hold the assets in trust for said surviving child for life, or, if there is no surviving child or descendants, and the wife of the grantor, Irene B. Schmidt, is living, the trustee is to hold the assets in trust and pay the income to her for life. The trusts also provided as follows: "Section 9. In the further event that Donor's said wife should die during Donor's lifetime, *270 and both of Donor's children should die during Donor's lifetime, leaving no descendants of either of said children living at the death of the last survivor of said wife and children, then in that event, and only in that event the Trustee shall pay over to Donor, in fee, the entire assets of the trust estate then in the custody of the Trustee." Since the creation of the trusts in 1937, and through the taxable year, none of the income of the trusts has been distributed, but all of the income has been accumulated. Also, there have not been any withdrawals of principal. The decedent, the grantor of the trusts, provided for the support and the maintenance of his children out of his own funds from the time of the creation of the trusts through the taxable year. During the taxable year, the trustee filed separate fiduciary returns for each trust in which was reported the net income of each trust in the amount of $6,624.96. Respondent has added the net income of each trust to decedent's income. Although respondent's main contention is that the income of the trusts was taxable to the grantor of the trusts during the taxable year under the provisions of section 167 (a) (1) of the Internal *271 Revenue Code, he also contends that the income was taxable to the grantor under the provisions of section 166. [1]
The trusts in question were irrevocable. The decedent, the grantor, was not the trustee and he was not *272 named as a beneficiary of the trusts. The only interest of the grantor of the trusts in income, accumulated income, and principal was a mere possibility of reverter which could become effective only if he survived both of his children and their descendants, if any, and his wife. Section 166, by its terms, applies only where there is power to revest in the grantor title to any part of the corpus of the trust. Also, section 166, by its title, relates to revocable trusts. It has been held by the Supreme Court that a mere reversion is not the equivalent of a "power to revest" within the meaning of section 166. The trusts here are irrevocable. They fall within the class of trusts which the Supreme Court has excluded from the scope of section 166 in Helvering v. Wood, 309 U.S. 344. See also, Genevieve F. Moore, 39 B.T.A. 808; J. S. Pyeatt, 39 B.T.A. 774; and Blanche G. Penn, 39 B.T.A. 787. We must reject respondent's argument that the income of the trusts is taxable to the decedent under the provisions of section 166. See Marrs McLean, 41 B.T.A. 565; *273 affd. on another point, 120 Fed. (2d) 942. Respondent's argument that the income of the trusts was taxable to the decedent under the provisions of section 167 (a)(1) is made chiefly in reliance upon Altmaier v. Commissioner, 116 Fed. (2d) 162, and Kaplan v. Commissioner, 66 Fed. (2d) 401. Respondent also relies upon Commissioner v. Willson, 132 Fed. (2d) 255; Downie v. Commissioner, 133 Fed. (2d) 899; and Graff v. Commissioner, 117 Fed. (2d) 247. Respondent relies on other cases which have been considered but to which it is unnecessary to make reference because the cases are distingusihable upon their facts. Respondent does not contend that the income of the trusts was taxable to the grantor under the rule of Helvering v. R. Douglas Stuart, 317 U.S. 154. Neither party in his brief discusses the application of the Stuart case, if any, to this proceeding. However, petitioner and the trustees have filed written consents in an effort to comply with the provisions *274 of section 134 (b) of the Revenue Act of 1943, as a precaution, in the event we should hold that the income of the trusts is taxable to the decedent under the rule of the R. Douglas Stuart case, so as to obtain the relief afforded by section 167 (c) of the Internal Revenue Code. We do not consider the Stuart case in view of the fact that respondent has not at any time relied upon it, and we do not understand that the issue presented under the pleadings presents the question which was presented in that case. In all of the cases relied upon by the respondent, the facts were substantially different from the facts here. In this proceeding, the grantor established trusts for his children who were minors. During the minority of the children, the trust income was to be accumulated and added to the principal of the trust estate. Such provision in trusts for minors is not unusual. Accumulations of income enlarge the principal and thereby increase the earning capacity of the trust for the period when the income is to be distributed. The grantor's children are to receive the trust income for life, after attaining 30 years of age. It is true that section 9 of each trust makes provision *275 for a return of the trust assets to the grantor under certain contingencies, but the possibility of the reverter is remote because both children and their descendants, if any, and the wife must predecease the grantor. Three persons in being stand between the grantor and the possible reverter, with the possibility that there will be additional remaindermen whom the grantor would have to survive. The situation here resembles that in Henry Martyn Baker, 43 B.T.A. 1029, 1035, where we held that a remote possibility of reverter does not make the income of a trust taxable to the grantor under section 167. See also, Marrs McLean, supra;Frederick Ayer, 45 B.T.A. 146, 152; Christopher L. Ward, 40 B.T.A. 225, 229; reversed on another point, 119 Fed. (2d) 207, where we said, under similar facts, that a possibility of reverter is not a present accumulation "for future distribution to the grantor"., William E. Boeing, 37 B.T.A. 178. Consideration has been given to Commissioner v. Willson, supra, *276 upon which respondent relies. A great many circumstances and facts in the Willson case are not present here. We think the situation here comes closer to Suhr v. Commissioner, 126 Fed. (2d) 283. It is held that petitioner is not taxable upon the income of the trusts created for the benefit of Nancy and William Schmidt under either section 166 or section 167 of the Internal Revenue Code. Petitioner concedes that $1,000 of income from another trust, the Luke B. Schmidt trust estate, should have been included in the income of the decedent for the year 1939. This concession requires that the amount of the deficiency shall be recomputed under Rule 50. Accordingly, Decision will be entered under Rule 50. Footnotes
1. SEC. 166. REVOCABLE TRUSTS. Where at any time the power to revest in the grantor title to any part of the corpus of the trust is vested - (1) in the grantor, either alone or in conjunction with any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom, or (2) in any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom, then the income of such part of the trust shall be included in computing the net income of the grantor. SEC. 167. INCOME FOR BENEFIT OF GRANTOR. (a) Where any part of the income of a trust - (1) is, or in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income may be, held or accumulated for future distribution to the grantor; * * * then such part of the income of the trust shall be included in computing the net income of the grantor.↩