*Western District*

**MARIAN PARMELEE
AND
COUNTY OF LOS ANGELES,
STATE OF CALIFORNIA
PETITIONERS
v.
RICHARD BURTON PARMELEE
RESPONDENT**

*Present:* Riley, P. J., Hobson and Alberti, JJ.

Case tried to ————, J., in the District Court of Springfield.

*Riley, P. J.* This is a petition brought

under the Uniform Reciprocal Enforcement of Support Act, G. L. c. 273A. *At the trial there was evidence that:*

"The petitioner and respondent were married April 13, 1945 at Seattle, Washington. Subsequently the parties came to Springfield, [Massachusetts] and lived together at 60 Saratoga Street. In October, 1947, the petitioner, ostensibly to visit relatives, went to the West Coast taking with her the respondent's child, Debra, who was born November 19, 1945. The respondent has not seen the petitioner since October, 1947, when she left. The petitioner was pregnant when she left in 1947 and the respondent is informed a child was born February 3, 1948.

The respondent obtained a divorce August 8, 1950 in Hampden County Probate Court on the grounds of cruel and abusive treatment. The court made no order for custody or support.

The respondent sent money to the petitioner in the State of Washington continuously until sometime in 1948 when two money orders were returned, the envelopes stamped "Moved — Unknown Address." The respondent had not heard from petitioner directly since 1951, until this petition was brought in Los Angeles, Calif.

The respondent has remarried and is living with his second wife and their three children at 28 Westford Avenue, Springfield. He works for the New Haven Rail-

road and averages a weekly gross wage of $80.00."

Also, from interrogatories propounded by the respondent and answered by the petitioner it appeared that the respondent and petitioner corresponded frequently until 1949 and that the respondent has always known the whereabouts of the children and the petitioner and that the children have sent the respondent cards from their present address and that the petitioner now lives in Long Beach, Calif.

The trial judge made the following findings and order:

"I find that the petitioner, Marian Parmelee, and the respondent were married at Seattle, Washington on April 3, 1945 and two children were born of that marriage; Debra Parmelee, born November 19, 1945 and Duane Parmelee born February 3, 1948. The couple with their child, Debra, came to Massachusetts in March of 1946, and lived as husband and wife at 60 Saratoga Street, Springfield. In November of 1947 the petitioner, Marian Parmelee, returned to Seattle, Washington, taking her daughter, Debra, with her. The second child, Duane, was born on February 3, 1948.

The petitioner, County of Los Angeles, between October 1, 1956 and January 31, 1957 has supported the wife and children. The respondent. sent money orders to his wife in the amount of $45 per month until October 1, 1948.

His gross pay is now $80 per week.

The judge of the Superior Court of the State of California in and for the County of Los Angeles on February 7, 1957 certified that in his opinion the petition set forth facts from which it may be determined that the respondent owes a duty of support and transmitted to this court his certificate and certified copy of the petition duly exemplified.

It appearing that notice according to the order of the court has been given all parties interested and the respondent appearing, after hearing and consideration, the court determines that the respondent does owe a duty of support to his minor children, Debra Parmelee and Duane Parmelee, and orders said respondent to pay the Chief Probation Officer of the District Court of Springfield, for the support of said minor children the sum of seventy-five dollars on the first day of September, 1957 and on the first of each month thereafter, until further order of the court."

He allowed several requests of the respondent in reference to the respondent's common law duty to support the children of the petitioner but denied the following requests:

"1.  If the father of a child is willing to support his own child in his own home and the child elects to stay away without justifiable cause, the father is not liable for his support while remaining away in the absence of any order of the Court. *Creeley v. Creeley*, 258 Mass. 460;

*Angel v. McClellan,* 16 Mass. 27, 29; *Foss v. Hartwell,* 168 Mass. 66.

6. Upon all the law and all the evidence, a finding for the respondent is warranted because:

A. The evidence shows that the respondent is willing to support the children in question, in his own home, and that the children have elected through the obligee to stay away without justifiable cause; and have remained away from him in the absence of any order of the Court.

B. The evidence shows that the respondent was deprived in this case of the custody of his minor children and further that he did not unjustifiably or unreasonably at any time fail to support.

C. The evidence shows that the respondent was deprived of the custody of his minor children without a Court Decree or without justifiable cause.

D. The evidence shows that the obligor had no duties to support toward the obligee or to any State or Commonwealth, in the obligee's stead.

E. The evidence shows that the laws of this Commonwealth in which the obligor was present during the period for which support is sought, do not impose a duty upon said obligor and further the evidence shows that the obligee was not present in the State of California but rather in the State of Washington when the alleged failure to support commenced."

The respondent earnestly argues that there is no duty under the laws of this Commonwealth to support the children of the petitioner and himself for the reason that they were removed from his custody without acquiescence on his part and without any decree in reference to their custody. He contends that

G. L. (Ter. Ed.) c. 273, §8, as amended by St. 1953, c. 505, which provides:

"In proceedings under section one against a parent, relative to any minor child, it shall not of itself be a defence that the defendant has ceased to have custody or the right to custody of such child on his own acquiescence or by judicial action. The legal duty of the parent or parents to support a minor child shall continue notwithstanding the absence of a court decree ordering them or either of them to pay for the support of said child and notwithstanding any court decree granting custody of such child to another."

applies only to criminal proceedings under G. L. c. 273 and has no application to the petition in the case at bar brought under G. L. c. 273A. However, his contention is not tenable in view of the decision in *Keene v. Toth,* 335 Mass. 591, a case brought under the Uniform Reciprocal Enforcement of Support Act. The court says at pages 594-595:

"It is true that there would have been no such duty at common law. *Miller's Case,* 244 Mass. 281, 283. *Creeley v. Creeley,* 258 Mass. 460, 463. *Barry v. Sparks,* 306 Mass. 80, 82-83. See *Gediman v. Cameron,* 306 Mass. 138, 140. But the rule is otherwise under G. L. (Ter. Ed.) c. 273, §8, as amended by St. 1953, c. 505, which provides, 'The legal duty of the parent or parents to support a minor child shall continue . . . notwithstanding any court decree granting custody of such child to another . . .' The purpose of this part of §8 was to close a hole in the uniform reciprocal enforcement of support act and to this end was recommended by the Judicial Council. See 27th report for 1951, pages 20-21; 28th report for 1952, page 39."

We construe this to mean that the whole of G. L. (Ter. Ed.) c. 273, §8 is applicable to

proceedings under G. L. c. 273A. Consequently, in view of the judge's findings, there was no prejudicial error in the denial of the respondent's requests for rulings and the report is ordered dismissed.